PER CURIAM.
Metropolitan Bank of Bloomington appeals from an order of the district court, based on a recommendation of the Bankruptcy Court, setting aside as a preference under 11 U.S.C. § 547 a mortgage on property owned by George A. Ellis, Debtor. The only issues raised on this appeal are whether the bankruptcy court and the district court had subject matter jurisdiction of the proceeding. The bank argues that under Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) neither court possessed jurisdiction. We affirm.
The bank concedes that if the district court had subject matter jurisdiction, its mortgage was a preferential transfer. The bank argues, however, that Northern Pipeline invalidated not only the bankruptcy court’s jurisdiction, but also the district court’s jurisdiction over bankruptcy cases. It contends that since the Supreme Court found the grant of jurisdiction to the bankruptcy courts in 28 U.S.C. § 1471(c) unconstitutional, the grant of jurisdiction to the district courts in section § 1471(a) and (b) must also be unconstitutional because subsections (a) and (b) are not severable from subsection (c). It argues that eight out of the nine justices believe that section 1471 is unconstitutional in its entirety, and that the interim emergency rule does not cure the constitutional defect. It further argues that the jurisdictional grant in 28 U.S.C. § 1334 is inapplicable.
This court in In re Hansen, 702 F.2d 728 (8th Cir.), cert. denied, — U.S. —, 103 S.Ct. 3539, 77 L.Ed.2d 1389 (1983), has held that Marathon did not invalidate 28 U.S.C. § 1471(a) and (b), and that even if it did, the jurisdictional grant in 28 U.S.C. § 1334 would remain effective during the post-Marathon transitional period. This court in In re Hansen further upheld the emergency bankruptcy rules. In re Hansen established the law in this Circuit. To change the law, the court en banc would have to reconsider the holding in In re Hansen. The bank has presented no argument that would justify such reconsideration of that holding.
Other Circuits have agreed that Northern Pipeline does not invalidate the district court’s jurisdiction. White Motor Corp. v. Citibank, 704 F.2d 254 (6th Cir. 1983); Braniff Airways, Inc. v. Civil Aeronautics Board, 27 B.R. 231 (D.C.N.D. Tex.), affirmed 700 F.2d 214 (5th Cir.), cert. denied, — U.S. —, 103 S.Ct. 2122, 77 L.Ed.2d 1302 (1983); see also In re Kaiser, 722 F.2d 1574 (2d Cir.1983). Kaiser correctly observed that Marathon referred to the jurisdictional grant to the bankruptcy courts and not to the district court. The only case to the contrary cited by the bank is Rhodes v. Stewart, 705 F.2d 159 (6th Cir.), cert. denied, — U.S. —, 104 S.Ct. *1206 427, 78 L.Ed.2d 361 (1983), and we do not read the dicta in Rhodes to overrule the holding in White Motor to which Rhodes does not refer.
We affirm.