In re Alberto Duque RODRIGUEZ, Debtor.

SHAWMUT BOSTON INTERNATIONAL BANKING CORP., Plaintiff,

v.

Alberto Duque RODRIGUEZ, Defendant.

Bankruptcy No. 83–00903–BKC–TCB.
Adv. No. 84–0362–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Aug. 17, 1984.

R. Thomas Farrar, Miami, Fla., for plaintiff.

David Levine, Miami, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge

Plaintiff seeks an accounting and certain injunctive relief against this chapter 11 debtor, who has answered, and the matter was tried on August 16. The facts are undisputed. The question presented is whether an individual chapter 11 debtor may spend, after filing his petition, any part of his capital assets or any part of his investment income earned from those assets to meet his continuing personal expenses, including the support of his dependents and alimony. I hold that, at least in this instance he can do so within a parameter specified by this court.

This debtor's voluntary chapter 11 petition was filed in May, 1983. He controls several corporations in different businesses and had guaranteed personally many of those business obligations. His assets approximated $50 million. His personal and contingent liabilities were roughly $100 million. He is a citizen of Colombia who is in this country on a visa. He has been under the continuing threat of a criminal investigation, although no charges have been filed against him. During the 15 months which have elapsed, two of his major corporate entities have been reorganized and a third is in process. The debtor, through counsel is making reasonable progress in the attempted rehabilitation of his interlocking and overlapping business interests. It is not suggested that he has either abandoned his responsibilities nor been uncooperative.

By a previous order, which is presently under review, I have held that he is authorized to retain criminal defense counsel and to pay that expense, which I have found to be reasonable, from this estate. His travel expenses to Colombia in defending criminal charges against him there are questioned

by plaintiffs here. That issue is indistinguishable, as I see it from my prior ruling.

The debtor's direct living expenses for himself and his dependents have averaged $6,728 a month including his alimony and child support obligation arising from a prior marriage. At least a portion of the living expenses, for example, telephone, automobile and travel expenses, are directly related to management of his business interests. At least a portion of these living expenses, day care and school for his son, are clearly personal. In addition, the debtor has spent $46,442 in indirect business expenses, which I find reasonable and within the ordinary course of this debtor's chapter 11 business activity.

The parties agree that neither the statute, the legislative history nor precedent is helpful in addressing the issue presented. The statute, 11 U.S.C. § 1107(a), gives a chapter 11 debtor-in-possession almost all the powers of a bankruptcy trustee. Section 1108 permits the continued operation of the debtor's business. Section 363(c)(1) provides that the trustee, or debtor-in-possession:

"May use property of the estate in the ordinary course of business without notice or a hearing."

Without any question, this debtor was eligible to seek relief under chapter 11. § 109(d). The size of his estate disqualified him from relief under chapter 13. § 109(e). Under the terms of his visa, he is prohibited from seeking or accepting employment in this country. Because of the pending criminal investigation, it would be extremely difficult for him to support himself through gainful employment even if he were permitted to do so. I cannot construe § 363(c)(1) so narrowly as to prevent the debtor from using his capital assets or income earned by those assets in supporting himself and his dependents during the pendency of this chapter 11 proceeding. The alternative is to deny him recourse to chapter 11.

If this debtor, or any chapter 11 debtor, ought not to continue before this court under chapter 11 and should either be subjected to liquidation under chapter 7 or dismissed in order that the creditors might satisfy their claims from his assets, any interested party may obtain such relief under § 1112(b). This court may not dismiss or convert this case absent the request of an interested party. No such request has been made.

Indeed, movant concedes that it is presently advantageous to the creditors as well as to the debtor for the debtor to remain under chapter 11 at least for the purpose of liquidating his major assets. I agree. To grant the relief sought by movant in this adversary complaint would be to force the debtor out of chapter 11. I find nothing within the design of the statute nor under the facts before me that requires or justifies such relief.

However, I do agree with plaintiff that a reasonable parameter should be established for the expenditures from the estate for direct and indirect living expenses, as those terms have been used in this order. I find the expenses to date to be not unreasonable and the debtor is authorized to continue such expenses in an amount not to exceed $7,000 a month until further order of this court.

As is required by B.R. 9021(a), a separate judgment will be entered dismissing the complaint with prejudice. Each party shall bear its own costs.