SNEEDEN, Circuit Judge:
Coleman Furniture Company filed for reorganization under Chapter 11 of the Bankruptcy Act on November 3, 1982. In July of 1983, the Coleman Furniture bankruptcy action was converted to a Chapter 7 liquidation action. The Chapter 7 trustee, Roy Creasy, filed an adversary proceeding in bankruptcy court in which he sought to determine the rights to funds of the Coleman Furniture Company employee pension fund and to recover any excess funds as assets of the bankrupt’s estate. Coleman Furniture, prior to the bankruptcy filing, had a pension plan to provide retirement benefits to eligible employees of the company and their beneficiaries. Under the terms of the plan, the eligible employees were to be paid first and any extra funds were to revert to Coleman Furniture.
One of the employees, Diane Turman, filed a declaratory judgment action in state court in which she sought a determination of her rights in the pension fund. A trustee of the pension fund, who was a defendant in the state court action, filed a remov *658 al petition under 28 U.S.C. § 1478(a),[1] and the state court action was removed to federal bankruptcy court. Turman argued that the removal petition was untimely and that the federal court had no jurisdiction to resolve the pension fund dispute. Shumate, the majority stockholder and an executive officer of Coleman Furniture, intervened; and, he also argued that the bankruptcy court lacked the power to adjudicate the pension fund dispute. The district court held that the removal petition was timely filed, that the court had jurisdiction to hear the dispute over the pension fund, and that any surplus assets of the pension fund would be property in the debtor’s estate. We affirm.
The bankruptcy court obtained jurisdiction over the initial bankruptcy proceeding filed by the trustee via a referral from the district court under the Emergency Rule for the Continued Operation of the Bankruptcy Courts. The United States District Court for the Western District of Virginia had adopted the Emergency Rule in an order dated December 24, 1982. Under the Emergency Rule, which was adopted in response to the Supreme Court’s decision in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), bankruptcy actions were deemed to have been filed first in the district court and then referred to the bankruptcy court under a general reference order.[2]
After the bankruptcy proceeding was filed, Diane Turman, who had been an employee of Coleman Furniture and who was represented by the same attorney who represented Shumate in the bankruptcy proceeding, filed a state court action on October 12, 1983, in which she sought a declaratory judgment as to her vested rights and the rights of the other employees in the pension plan. Shumate and Roland Gunn, the plan’s committee members, and Bank of Virginia Trust Company and Wachovia Bank and Trust Company, the plan’s trustees, were named as defendants.
The trustee in the original bankruptcy action had sought to terminate the pension fund and liquidate its assets. He argued that any excess remaining in the trust fund after the distribution of benefits to the Coleman Furniture’s former employees would be property in the estate of the bankrupt corporation — Coleman Furniture. Depending upon how the terms of the pension fund are interpreted, Shumate, the owner of Coleman, and also an employee, stands to gain a substantial portion of the pension fund. The trustee, however, wants the fund liquidated in accordance with the federal Employees’ Retirement Income Security Act procedures so that all the former employees are treated equally and in accordance with the terms of the plan. *659 The trustee accurately points out that under the terms of the pension fund any assets remaining after payment of benefits are to be returned to the company. Thus, the trustee would have the right to control these assets of the corporate debtor. The only possible chance Shumate has of getting his hands on a substantial portion of the pension fund money is to keep the question of pension fund distribution out of the bankruptcy court and hope for a favorable ruling in state court on the question of which employees, including himself, are entitled to be paid first.
Shumate intervened in the bankruptcy action and argued that the trustee had no right to control the pension fund assets. Bank of Virginia Trust Company and Wachovia Bank and Trust Company, the pension fund trustees, also intervened in the adversary bankruptcy proceeding, because they were receiving conflicting investment instructions from Creasy, the bankruptcy trustee, and Shumate, who was a member of the pension plan committee.
Bank of Virginia Trust filed an application to have the Turman state court action removed to the U.S. Bankruptcy Court in Virginia on November 21, 1983. The removal motion was granted, despite Turman’s contention that it was untimely. Turman then filed a motion to remand her suit to state court. Additionally, Bank of Virginia Trust filed a declaratory judgment action requesting the court to determine whether the trustee or the pension fund committee had the right to invest the trust funds and oversee payments.
Bank of Virginia Trust Company then filed a motion in district court to revoke the reference to the bankruptcy court. On January 24, 1984, the reference to the bankruptcy court was revoked, and the adversary proceeding and all related matters, including the Turman action which had been removed from state court, were consolidated and brought before the district court. Subsequently, this order was vacated and modified to reflect the withdrawal of the reference to bankruptcy court of only the adversary proceedings. On April 24, 1984, the district court denied Turman’s motion for a remand of the pension fund case back to state court.
Shumate moved the district court to dismiss the adversary proceeding, arguing that under Marathon, the court lacked jurisdiction to adjudicate the contractual rights to the pension plan funds. The matter was referred to a United States Magistrate, who was designated as a special master pursuant to Fed.R.Civ.P. 53, to determine if the district court had jurisdiction over the dispute. Magistrate Glen E. Conrad concluded that the district court had jurisdiction over the Turman action and the Coleman adversary proceeding; and, upon de novo review of the special master’s report, the district court, The Honorable Glen Williams presiding, held that it had jurisdiction over the disputes.
Turman and Shumate filed a joint brief in this Court. Turman argues that the court erred in holding that the removal petition was timely filed and in finding that it could exercise jurisdiction over the removed state court action. Shumate argues that the district court erred in finding that it had jurisdiction to adjudicate any issues involving the pension fund raised by the Coleman Furniture bankruptcy trustee and in the Turman action. Shumate also argues that the trust fund assets are not property in the debtor’s estate within the meaning of 11 U.S.C. § 541; therefore, a federal bankruptcy court or district court may not adjudicate the rights to the pension fund.
At oral argument, we raised the issue sua sponte of whether the Bankruptcy Amendments and Federal Judgeship Act of 1984 (the “1984 Act”) affected the questions raised in this case. The 1984 Act establishes new jurisdictional limits and procedures for hearing bankruptcy claims and in general attempts to replace the provisions that were found unconstitutional in Marathon. See Pub.L. No. 98-353, § 115(a) 98 Stat. 333 (1984).
Section 122(a) of the 1984 Act provides that the amendments contained in Title I of the 1984 Act, entitled “Bankrupt *660 cy Jurisdiction and Procedure” (Title 28), are applicable to cases and proceedings pending on the date of enactment, except that 28 U.S.C. § 1334(c)(2), dealing with mandatory abstention, and 28 U.S.C. § 1411(a), dealing with jury trials, do not apply to pending cases. Thus, Congress made it plain that this portion of the 1984 Act was to be applied to pending cases. See Carlton v. BAWW, Inc., 751 F.2d 781, 787 n. 6 (5th Cir.1985); Romeo J. Joy, Inc. v. Northern Nat’l. Bank, 740 F.2d 111, 112 (1st Cir.1984). We find that there would be no injustice in retroactively applying the 1984 Act; therefore, we have applied the 1984 Act to ascertain if the district court had jurisdiction in light of the fact that this case was pending in the district court at the time the 1984 Act was enacted.[3]
We note, however, that Section 553(a) of the 1984 Act provides that the amendments to Chapters 1, 3, 5, 7, 9, 11, 13, and 15 of Title 11 of the United States Code are effective as to cases filed 90 days after the date of the enactment of the 1984 Act. Thus, unless one of the exceptions to this effective date is applicable, the issues involving 11 U.S.C. § 541 of the United States Code are not governed by the 1984 Act.
I.
Turman argues that her state court action was not timely removed to bankruptcy court by Virginia Trust. The district court found that Virginia Trust filed a timely petition under the bankruptcy removal statute and accompanying Bankruptcy Rule 9027. The issue in this case is: When does the time period start to run in a bankruptcy removal case involving multiple defendants? In cases involving 28 U.S.C. § 1441, a defendant must petition to remove within thirty days after receiving a state court summons or pleading. See 28 U.S.C. § 1446(b). In cases involving multiple defendants, under § 1441, some courts have held that the state action must be removed within thirty days after 'service upon the first defendant to be served. See Balestrieri v. Bell Asbestos Mines, 544 F.Supp. 528 (D.C.Pa.1982) (time for filing removal petition starts to run when first defendant is served). The bankruptcy removal rule also requires that a party must remove within thirty days after receiving a state court summons. See Bankruptcy Rule 9027(a)(3).[4]
Turman argues that the bankruptcy rule should be interpreted in the same fashion as the rule for 28 U.S.C. § 1441. But, in a § 1441 case involving multiple defendants, all of the defendants must agree to the removal of the state court action. Harris v. Edward Hyman Co., 664 F.2d 943 (5th Cir.1981). Under the bankruptcy removal statute, however, any one party has the right to remove the state court action without the consent of the other parties.
The district court reasoned that § 1452 was different from § 1441 because under the bankruptcy removal statute, any party, without the consent of the other defendants, has the right to remove a state court action. If the bankruptcy removal statute is involved, the first defendant served has no incentive to contact the other defendants to obtain their consent because *661 he does not need it to remove. If the first defendant does not want to remove, the thirty-day time period could expire before the subsequent defendants are notified or even served. The same result may occur in a § 1441 removal action; but, the lack of notice to the subsequent defendants is not as detrimental, because the subsequent defendants could not remove the case anyway without the consent of the first defendant served. The lack of notice does make a difference, however, when each defendant has a right to remove the state court action. Thus, we hold that so long as one defendant meets the thirty-day requirement, the bankruptcy removal petition would be timely. Otherwise, the policy of having all related bankruptcy matters litigated in one forum would be unnecessarily restricted. Virginia Bank filed its bankruptcy removal petition within thirty days of receiving its state court summons; therefore, we find that the removal petition was timely.
II.
Turman’s next argument is that the district court does not have the power to adjudicate any bankruptcy matters because the Supreme Court in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 84, 102 S.Ct. 2858, 2878, 73 L.Ed.2d 598 (1982), held that the jurisdictional grant embodied in 29 U.S.C. § 1471 was unconstitutional. Turman concedes that the proceedings are now pending before the district court, not the bankruptcy court; but, she argues that the Marathon decision disturbed the jurisdiction of the United States District Courts under § 1471(a) and (b) as well as the jurisdiction of the bankruptcy courts. Our sister circuits, however, have held uniformly that the district courts may continue to exercise jurisdiction over bankruptcy matters under 28 U.S.C. § 1471(a) and (b). See, e.g., Oklahoma Health Services Federal Credit Union v. Webb, 726 F.2d 624 (10th Cir.1984); Lindquist v. Metropolitan Bank Bloomington, 730 F.2d 1204 (8th Cir.1984); In re Pine Associates, Inc., 733 F.2d 208 (2nd Cir.1984); In re Braniff Airways, 700 F.2d 214 (5th Cir.) (per curiam), cert. denied, 461 U.S. 944, 103 S.Ct. 2122, 77 L.Ed.2d 1302 (1983); White Motor Corp. v. Citibank, 704 F.2d 254 (6th Cir.1983); Coastal Steel Corp. v. Tilghman Wheelabrator, 709 F.2d 190, 200 (3rd Cir.), cert. denied, — U.S. -, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983).
We do not need to decide if Marathon invalidated the jurisdictional grant to adjudicate bankruptcy claims vested in the district courts by 28 U.S.C. § 1471(a) because § 1334(a) of the 1984 Act replaces this section. Section 1334(a) of the 1984 Act, which is identical to superseded Section 1471(a) of Title 28, grants the district court original jurisdiction of “all civil proceedings arising under Title 11, or arising in or related to cases under Title 11.” As long as the claim arises under Title 11 or is related to a Title 11 proceeding, the district court may now adjudicate the dispute. Carlton v. BAWW, Inc., 751 F.2d 781 (5th Cir.1985).
Additionally, we find Turman’s argument that the bankruptcy court, not the district court, must have had jurisdiction at the time of the removal petition filing in order for § 1478 to apply to be moot. Section 1452 of the 1984 Act expressly provides for removal of state court actions directly to the district court, instead of to the bankruptcy court, and would allow removal of this case to the district court.[5] *662 Thus, we affirm the district court’s decision to retain jurisdiction over the Turman action which was removed from state court.
III.
Shumate, as well as Turman, argues that the question of who has contractual rights in a pension fund is the type of legal claim that does not arise under Title 11 of the Bankruptcy Code; therefore, a federal bankruptcy court or a federal district court may not exercise jurisdiction over this particular claim. As the district court noted, the trustee action is simply a proceeding to recover an asset of the debtor, and the Turman action raises the identical issues raised in the bankruptcy proceeding. Thus, we agree with the district court’s finding that the Creasy action and the Turman action are cases arising under Title 11 and that neither suit involves purely state law claims.
IV.
Shumate’s final argument is that the district court erred in finding that any excess from the trust would be “property of the estate” under 11 U.S.C. § 541.[6] The district court reviewed the terms of the pension fund and found that under § 14.2 and § 14.3 of Article IV of the pension plan, the Company reserved the right to terminate the plan at any time and that upon termination of the plan, the assets of the trust fund were to be allocated among the employees pursuant to the Employees’ Retirement Income Security Act of 1974 (ERISA). The district court also found that under the terms of the contract any left-over assets of the trust fund were to be paid over to the Company. In reviewing these undisputed facts and the remaining terms of the pension fund articles, we find that the district court was correct in concluding that the excess, if any, would be property of the debtor’s estate. The trustee acquires the rights that the corporate bankrupt possessed; therefore, the excess funds would be an asset in the bankrupt’s estate. 4A Collier on Bankruptcy § 70.04 (14th ed. 1978).
In summary, we find that the district court has jurisdiction over the Creasy bankruptcy action as well as the Turman action, which was removed from state court. We also find that the bankruptcy removal petition was timely filed and that any extra assets in the trust fund may be treated as part of the debtor’s estate. The judgment of the district court is hereby affirmed.
AFFIRMED.

. The statutory requirements for the removal of state court actions related to bankruptcy cases are now contained in 28 U.S.C. § 1452 (1984). The new bankruptcy statute enacted on July 10, 1984, provides that:
A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit’s police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title. 28 U.S.C. § 1452(a).
Under § 1478, the removal was to the federal bankruptcy court rather than the federal district court. However, under the new bankruptcy statute, these cases are removed to federal district court rather than the bankruptcy court. Removed actions fall under the general reference order, which may refer all bankruptcy proceedings to the bankruptcy judges for a particular district. See 28 U.S.C. § 157(a) (1984). For an explanation of the applicability of the 1984 Act, see note 3 and accompanying text infra.

. Under the Emergency Rule for the Administration of the Bankruptcy System, all matters pending before a bankruptcy judge were deemed to be referred from the district court to the bankruptcy court. The rule also provided that a reference to the bankruptcy court could be withdrawn:
The reference to a Bankruptcy Judge may be withdrawn by the District at any time on its own motion or on timely motion by a party____ Any matter in which the reference is withdrawn shall be reassigned to a District Judge in accordance with the Court’s usual system for assigning civil cases.

. This case was pending in the district court on July 10, 1984, the effective date of the 1984 Act. The original bankruptcy action was filed on November 2, 1982. In October of 1983, the removal petition was filed. On January 24, 1984, the Turman removal action and the Creasy case were brought before the district court. On April 24, 1984, the district court denied Turman’s remand motion. The district court issued a final order in the consolidated cases on July 19, 1984.

. Bankruptcy Rule 9027(a)(3) provides as follows:
Time for Filing: Civil Action Initiated After Commencement of the Case Under the Code:
If a case under the Code is pending when a claim or cause of action is asserted in a court other than a bankruptcy court, an application for removal may be filed in the bankruptcy court only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

. The Turman action was removed to the bankruptcy court, and the remand motion was decided in district court. We recognize that during the interim period between Marathon and the enactment of the 1984 Act, § 1478 was in effect and that this section, allowing removal directly to the bankruptcy court, may have been repealed. See In re John Tilley, 42 B.R. 827, 12 Bankr.Ct.Dec. 213 (Bankr.E.D.Va., 1984); In re Alberto Duque Rodriquez, 41 B.R. 774, 12 Bankr.Ct.Dec. 441 (Bankr.S.D.Fla., 1984) (§ 1478 repealed by 1984 Act despite conflicting provision in 1984 Act as to repeal of effective dates of 1978 Act). See generally Collier on Bankruptcy § 7.05 (15th ed. 1985). We believe, however, that the 1984 Act, which vests the bankruptcy jurisdiction in the district courts on the effective date of the Act, enables the district court to *662 exercise jurisdiction over a removed action even though technically the case was removed to a bankruptcy court, not a district court, as long as the removal is otherwise proper.

. Property of the estate is defined as "all legal or equitable interests of the debtor in property as of the commencement of the case.” See 11 U.S.C. § 541.