In re ASINELLI, INC., d/b/a Family Produce, Debtor.

William L. YAEGER; Chapter 7 Trustee; Wachovia Bank and Trust Company, N.A., Plaintiffs,

v.

DOLE FRESH FRUIT COMPANY, Defendant.

No. M–88–73.

United States District Court, M.D. North Carolina, Durham Division.

Nov. 23, 1988.

Bankruptcy ⛤2103

Thomas L. Waldrep, Jr. of the firm of Womble, Carlyle, Sandridge & Rice, Winston Salem, N.C., for Wachovia Bank and Trust Co.

D. Anderson Carmen of the firm of Bell, Davis & Pitt, Winston–Salem, N.C., for Dole Fresh Fruit Co.

## MEMORANDUM ORDER

HIRAM H. WARD, Senior District Judge.

This matter comes before the Court on defendant's Motion to Withdraw Reference (Sept. 20, 1988) pursuant to 28 U.S.C. § 157(d) and Bankruptcy Rule 5011, 11 U.S. C.A. Plaintiffs' have filed no response. Having considered defendant's motion and the relevant case law, the Court will deny defendant's motion to withdraw the adversary proceeding from the Bankruptcy Court.

## FACTS

Debtor, Asinelli, Inc., filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 21, 1988. At that time, allegedly, debtor was indebted to defendant Dole Fresh Fruit Company in the principal amount of $7,763.35 for produce sold in September and October, 1987, to debtor. During October and November of 1987, defendant, in accordance with the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. Sections 499a–499s, notified debtor and the Secretary of Agriculture that it was invoking the trust provisions of that statute.[1] [Memorandum of Law in Support of Defendant's Motion for an Order for Withdrawal Pursuant to 28 U.S.C. Section 157(d) (Aug. 30, 1988)].

The Perishable Agricultural Commodities Act (PACA) provides sellers and suppliers of fresh fruits and vegetables with a method of protection from slow paying or non-paying buyers. The act creates a statutory trust on agricultural commodities received by a buyer and proceeds resulting from a

---

1. Defendant notified debtor and the Secretary by letters dated October 19, and 22, and November 2, 9, 16, and 19, 1987.

subsequent sale of those commodities. The trust exists for the benefit of the unpaid supplier until full payment of the amount owing has been received. 7 U.S.C. 499e(c)(2).

An unpaid seller perfects its interest in the trust fund benefits by submitting written notice to the nonpaying buyer of its intention to preserve its interest in the trust under the provisions of PACA. The supplier must also file a notice with the Secretary of the Department of Agriculture within certain time limitations contained in PACA § 499e(c)(3). The statutory trust requires no tracing of assets, but attaches to all of the nonpaying buyers' product related inventory and proceeds thereof. 7 U.S.C. 499e(c)(1).

By letter to debtor and Wachovia Bank, a plaintiff in the adversary proceeding, the Department of Agriculture acknowledged defendant's intention to preserve trust benefits in the principal amount of $6,268.66. Subsequently, plaintiffs initiated this adversary proceeding seeking a declaration of their rights in certain of the debtor's assets held by Wachovia. Assertedly, Wachovia claims a security interest in funds it received from the debtor which were realized from the sale of produce obtained from suppliers like defendant. [Memorandum of Law in Support of Defendant's Motion (Aug. 30, 1988)]. Defendant initiated a counterclaim to obtain payment of its PACA trust fund claim, and filed this motion to withdraw pursuant to 28 U.S.C. § 157(d).

## DISCUSSION

28 U.S.C. § 157(d), providing for discretionary and mandatory withdrawal, states:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commence.

28 U.S.C.A. § 157(d) (Supp.1985). It appears to the Court that few opinions have addressed the question of withdrawal under § 157(d) where a PACA claim is involved.[2] Further, no decisions from the Fourth Circuit have considered the issue. However, there is authority regarding the propriety of § 157(d) withdrawal involving other non-Title 11 regulatory statutes, which the Court finds helpful in resolving this matter.

Defendant, in support of its motion for mandatory withdrawal, relies on *Block v. Anthony Tammaro, Inc. (In re Anthony Tammaro)*, 56 B.R. 999 (D.N.J.1986). *Tammaro* involved a fruit wholesaler who filed a voluntary petition while owing suppliers over $140,000. The Secretary of Agriculture brought an adversary proceeding to prevent dissipation of the funds subject to the PACA trust, and further moved for withdrawal pursuant to § 157(d). The district court, after an involved discussion of the relationship between *Marathon Oil* and § 157(d), held simply that a party making a timely motion for withdrawal "must establish that the proceeding involves a *substantial and material* question of both Title 11 and non-code federal law *and* that the non-code federal law has more than a *de minimus* effect on interstate commerce." *Tammaro*, 56 B.R. at 1007 (emphasis added). Based on that holding, the court ruled that withdrawal was required.

The court saw as crucial the issue of whether a PACA trust was part of or separate from the debtor's estate. Based on the determination that the question was one of first impression for that court, the resolution of which "would entail material and substantial consideration of both PACA and Title 11 law," the New Jersey District Court held withdrawal to be mandatory. *Id.* at 1007.

This Court, applying the test of *Tammaro*, reaches a different conclusion and will

---

**2.** A number of opinions, though dealing with a PACA claim and § 157(d), considered solely the timeliness of the motion to withdraw. Defendant's motion appears timely and thus is not an issue before the Court.

deny defendant's motion for withdrawal. It appears clear to this Court that an interest in a PACA trust, properly and timely noticed, is not a part of the debtor's estate. Thus, resolving the issue presented in this adversary proceeding will necessitate a simple determination of whether defendant properly perfected his interest and will not require a material and substantial consideration of both Title 11 and non-code law.

### 1. *The corpus of a trust is not property of the Estate.*

The Fourth Circuit has affirmed that 11 U.S.C. § 541, which defines property of the estate, does not alter the established rule that property held by the debtor in trust belongs to the trust beneficiary and does not become part of the bankruptcy estate. *Mid–Atlantic Supply v. Three Rivers Aluminum Co.*, 790 F.2d 1121 (4th Cir.1986); 4 *Collier on Bankruptcy* 541.13 at 541–72 (15th Ed.1988). Although § 541(a)(1) provides that the Bankruptcy Estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case, § 541(d) makes it clear that the estate does not include property that the debtor holds in trust, rather than in his own right. *Mid–Atlantic*, 790 F.2d at 1124. Elaborating upon this point, the Court of Appeals quoted from the Senate Report regarding § 541:

Situations occasionally arise where property ostensibly belonging to the debtor will actually not be property of the debtor, but will be held in trust for another. For example, if the debtor has incurred medical bills that were covered by insurance, and the insurance company had sent the payment of the bills to the debtor before the debtor had paid the bills for which the payment was reimbursement, the payment would actually be held in constructive trust for the person to whom the bill was owed. This section, and proposed 11 U.S.C. § 545 also will not affect various statutory provisions that give a creditor of the debtor

a lien that is valid outside as well as inside bankruptcy, or that creates a trust fund for the benefit of a creditor of the debtor. *See Packers and Stockyards Act* § 206, 7 U.S.C. 196.

*Id.* at 1124–25,[3] quoting S.Rep. No. 989, 95th Cong. 2d Sess. 82, *reprinted in* 1978 U.S.Code. Cong. & Ad.News 5787, 5868, *see also Creasy v. Coleman Furniture Corp.*, 763 F.2d 656 (4th Cir.1985).

Another opinion, *In re Fresh Approach, Inc.*, 51 B.R. 412 (Bkrtcy.N.D.Tex.1985), considered a trust arising under PACA and determined that it was not included within the debtor's estate. The bankruptcy court, after quoting the same passage from the Senate Report cited by the Fourth Circuit in *Mid–Atlantic, supra*, recognized that Congress intended the PACA amendments to protect produce suppliers by creating a "priority status for unpaid produce claimants, priming even the administrative claims which normally stand first in line in a bankruptcy distribution." *Fresh Approach* 51 B.R. at 420. Because the PACA trust was not a part of the estate, the bankruptcy court held that a creditor who had perfected his security interest in a timely manner had a right to immediate payment of its interest in the PACA trust benefits. *Id.* at 421. *See also In re Fresh Approach, Inc.*, 48 B.R. 926 (Bktcy.N.D. Tex.1985).

Consistent with these opinions, the Court holds that a statutory trust created under the provisions of PACA, properly and timely perfected under the explicit requirements of that act, is not part of the debtor's estate. It follows that defendant's right to immediate payment of the unpaid funds turns on whether defendant perfected its interest in the trust benefits according to the requirements of PACA.

### 2. *A determination of whether perfection was proper will not entail material and substantial consideration of PACA and Title 11 law.*

In *In re Texaco, Inc.*, 84 B.R. 911 (S.D.N. Y.1988), the court discussed the require-

---

**3.** The Court notes that the PACA trust provisions were expressly modeled on similar trust provisions amended to the Packers and Stockyards Act, and that decisions interpreting the PSA

guide the present interpretation of the PACA. *Consolidated Marketing, Inc. v. Marvin Properties, Inc.*, 76 B.R. 150, 152–53 (9th Cir. BAP 1987).

ments for mandatory withdrawal under § 157(d) and noted that consideration of non-code statutes must be more than *de minimus.* "Incidental consideration of non-bankruptcy Federal statutes is not sufficient" for withdrawal under § 157(d); ... "the movant must demonstrate that a resolution of the proceedings will require substantial and material consideration of the non-code federal laws." *Id.* at 921 (citing cases); *In re White Motor Corp.*, 42 B.R. 693 (N.D.Ohio 1984). Noting that § 157(d) must be "construed narrowly and not become an escape hatch through which bankruptcy matters will be removed to the district court," the court recognized that withdrawal is proper when the court is required to make a "significant interpretation of a federal statute as opposed to making an insignificant interpretation or merely applying the law to the facts." *Texaco,* 84 B.R. at 921, quoting *In re Johns Manville Corp.*, 63 B.R. 600, 602 (S.D.N.Y.1986).

The motion for withdrawal in *Texaco* stemmed from Texaco's motion for an order approving its assumption of certain oil and gas leases. The argument for withdrawal was that resolution of the matter would require consideration of the Natural Gas Policy Act of 1978. The district judge refused to allow withdrawal for four reasons, one of which was that application of the NGPA would be only a *pro forma* application of the act to the facts to determine the validity of the questioned leases.[4] *Cf. American Tel. & Tel. Co. v. Chateaugay,* 88 B.R. 581 (S.D.N.Y.1988) (withdrawal deemed mandatory because adversary proceedings entailed significant interpretation of the CERCLA statute and assessment of the relationship of such CERCLA claims to the Bankruptcy Code); *Price v. Craddock,* 85 B.R. 570 (D.Colo.1988) (withdrawal of adversary proceeding mandatory when debtor alleged counterclaims including violations of federal securities laws).

The Court discerns no conflict in the case at bar between the Bankruptcy Code and PACA that would require withdrawal of reference of the adversary proceeding from the bankruptcy court. Based upon the previously cited authority demonstrating that a properly perfected interest in a PACA trust is not part of the debtor's estate, the Court determines that a resolution of this matter will entail not an in-depth consideration of PACA and Title 11 law, but a mere *pro forma* application of the facts in this case to the requirements for perfection enunciated in PACA.

IT IS, THEREFORE, ORDERED that defendant's Motion to Withdraw Reference from the Bankruptcy Court pursuant to 28 U.S.C. § 157(d) be, and the same hereby is, DENIED.

---

**4.** The Court is further compelled by the language in a footnote of the opinion, *In re Tammaro, supra,* relied upon by defendant in its motion for withdrawal: "Had the Supreme Court or the Court of Appeals for the Third Circuit determined the status of a PACA trust within a debtor's estate, I would not withdraw the reference as "resolution" of that issue would not require "substantial and material consideration" of non-Code law, but merely the application of that binding law to the facts. In similar circumstances, at minimum the presumption should be against mandatory withdrawal." *Tammaro,* 56 B.R. at 1007.