In re **CAROLINA PRODUCE DISTRIBUTORS, INC.,** Debtor.

**MONTEREY MUSHROOMS, INC.,** Plaintiff,

v.

**CAROLINA PRODUCE DISTRIBUTORS, INC.,** et al., Defendants.

**Bankruptcy No. KC–B–89–30073. Adv. No. 89–0148.**

United States District Court, W.D. North Carolina, Charlotte Division.

Feb. 2, 1990.

William F. Potts, Jr., Peter E. Lane, Petree Stockton & Robinson, Charlotte, N.C., for plaintiff.

Rodney W. Seaford, Charlotte, N.C., Walter Rand, III, Carruthers & Roth, P.A., Greensboro, N.C., Marion I. Quesenbery, Dressler & Quesenbery, Newport Beach, Cal., Edwin Friedberg, Raleigh, N.C., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendant Colonial Financial Services Inc.'s (hereafter "Defendant Colonial") Motion for Order of Withdrawal, filed October 13, 1989. On November 22, 1989, Plaintiff Monterey Mushrooms, Inc. (hereafter "Plaintiff Monterey") filed a Brief in Opposition to the Motion for Order of Withdrawal.

## I. BACKGROUND FACTS AND PROCEDURE

The identity of three parties is essential to understanding the nature of Defendant Colonial's Motion for Order of Withdrawal. Carolina Produce Distributors, Inc. (hereafter "Carolina Produce") was a wholesale vendor of perishable agricultural commodities. Plaintiff Monterey allegedly supplied fresh mushrooms to Carolina Produce on open account from early 1987 until December 1, 1988. Defendant Colonial apparently financed Carolina Produce's operations under a Recourse Factoring Contract and Security Agreement (hereafter "the Factoring Contract"), evidently executed on October 7, 1987.

Defendant Colonial and Plaintiff Monterey differently characterize the Factoring Contract. Defendant Colonial claims that under the Factoring Contract, Defendant Colonial agreed to purchase Carolina Produce's accounts receivable, agreed to advance the purchase price of the accounts receivable to Carolina Produce, and agreed to be repaid the purchase price of the accounts receivable as Defendant Colonial collected the outstanding accounts receivable. Plaintiff Monterey, however, claims that under the Factoring Contract, Carolina Produce pledged to Defendant Colonial its outstanding accounts receivable and that in exchange for the pledge, Defendant Colonial advanced to Carolina Produce a percentage of the outstanding accounts receivable.

Under either characterization, because Carolina Produce used the funds advanced by Defendant Colonial for its business operations, Defendant Colonial effectively financed Carolina Produce's operations.

On January 19, 1989 (hereafter "the filing date"), Carolina Produce filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. As of the filing date, Carolina Produce apparently owed Plaintiff Monterey in excess of $500,000 for mushrooms purchased but not paid for between October 10, 1988, and December 13, 1988. The United States Bankruptcy Court has authorized Colonial to continue collecting Carolina Produce's pre-bankruptcy accounts receivable and to apply the collections to Carolina Produce's pre-bankruptcy indebtedness. The Bankruptcy Court also has directed Colonial to deposit all proceeds arising from Carolina Produce's remaining pre-bankruptcy accounts receivable into an escrow account. The balance in the escrow account exceeds $40,000.

On May 30, 1989, Plaintiff Monterey filed this adversary proceeding seeking a declaratory judgment regarding its rights, and the rights of others, under the Perishable Agricultural Commodities Act (PACA). *See generally* 7 U.S.C.A. § 499a–499s (West 1980 and Supp.1989). Congress enacted PACA to protect the interests of sellers of fresh produce when buyers of fresh produce fail to pay for the produce purchased. *Yaeger v. Dole Fresh Fruit Co. (In re Asinelli)*, 93 B.R. 433, 433 (M.D. N.C.1988); *In re Fresh Approach, Inc.*, 48 B.R. 926, 927–28 (Bankr.N.D.Tex.1985). To protect sellers, Congress created a statutory constructive trust on all of the buyer's inventory of perishable agricultural commodities and all receivables or proceeds from the sale of such commodities. *In re Asinelli*, 93 B.R. at 433–34; *In re Fresh Approach, Inc.*, 48 B.R. at 928; *see* 7 U.S. C.A. § 499e(c)(2) (West Supp.1989). To perfect an interest in the PACA-created trust, a seller provides written notice to the buyer and the Secretary of the Department of Agriculture of its intention to invoke the PACA trust provisions. 7 U.S.C.A. § 499e(c)(3) (West Supp.1989).

In the adversary proceeding, Plaintiff Monterey essentially is seeking to establish its claim under PACA to Carolina Produce's pre-bankruptcy inventory, accounts receivable, and proceeds therefrom, including the balance of the escrow account, and its claim to collections made by Defendant Colonial under the Factoring Contract as proceeds subject to the PACA-created trust. On October 13, 1989, Defendant Colonial filed the pending Motion for Order of Withdrawal. Defendant Colonial contends in its Brief that withdrawal of Plaintiff Monterey's adversary proceeding from the United States Bankruptcy Court is mandatory under section 157(d) of Title 28 of the United States Code.

## II. APPLICABLE LAW

Section 157(d) provides that:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C.A. § 157(d) (West Supp.1989). In considering the mandatory withdrawal provision of section 157(d), courts have required, first, the party seeking mandatory withdrawal timely to file a motion for withdrawal and, second, the moving party to "establish that the proceeding involves a substantial and material question of both Title 11 and non-Code federal law and that the non-Code federal law has more than a *de minimis* effect on interstate commerce." *Block v. Anthony Tammaro, Inc. (In re Anthony Tammaro, Inc.)*, 56 B.R. 999, 1006–07 (D.N.J.1986); *see In re Asinelli, Inc.*, 93 B.R. at 435–36 (applying *In re Tammaro Inc.* test); *cf. In re White Motor Corporation*, 42 B.R. 693, 700 (N.D. Ohio 1984) (finding that withdrawal is mandatory only if "laws regulating organizations or activities affecting interstate com-

merce are in fact likely to be considered, and ... such laws are ... material to resolution of the proceeding."). Courts have recognized, however, that incidental consideration of non-bankruptcy federal statutes is not sufficient to require mandatory withdrawal under section 157(d). *In re Asinelli, Inc.*, 93 B.R. at 436; *In re Texaco Inc.*, 84 B.R. 911, 921 (S.D.N.Y.1988). Courts also have acknowledged that for mandatory withdrawal under section 157(d), a court must need to make "a significant interpretation of a federal statute as opposed to making an insignificant interpretation or merely applying the law to the facts." *In re Texaco Inc.* 84 B.R. at 921 (quoting *In re Johns–Manville Corp.* 63 B.R. 600, 602 (S.D.N.Y.1986)).

## III. DISCUSSION

■ The only issue for the Court to resolve is whether Plaintiff Monterey's adversary proceeding will involve a substantial and material question of both Title 11 and non-bankruptcy statutory federal law. According to Defendant Colonial, Plaintiff Monterey's adversary proceeding will require the resolution of several substantial and material issues under Title 11 and PACA, namely the following:

1. Whether Plaintiff Monterey can recover collections of Carolina Produce's accounts receivable from Colonial;

2. Whether after Plaintiff Monterey requested Carolina Produce to obtain additional financing from Defendant Colonial, Plaintiff Monterey still may assert a claim against Defendant Colonial for collections made on Carolina Produce's accounts receivable;

3. Whether, and to what extent, Plaintiff Monterey can recover under PACA the portions of its invoices that are unrelated to perishable agricultural commodities;

4. Whether, and to what extent, the terms of a subordination agreement executed by Plaintiff will effect the claims of Plaintiff Monterey;

5. Whether priorities among the parties exist regarding the escrow account created during Carolina Produce's opera-

tions conducted after the filing of the bankruptcy petition.

Plaintiff Monterey expectedly contends that none of these issues will require a substantial and material consideration by the Bankruptcy Court of PACA and Title 11.

After carefully reviewing the parties' contentions, the Court believes that mandatory withdrawal of this adversary proceeding from the Bankruptcy Court is inappropriate. The Court is of the opinion that the issues presented in this case will not require a substantial and material consideration of *both* PACA and Title 11.

■ The Fourth Circuit recently has held that under section 541 of Title 11, the estate of a bankrupt debtor does not include property that the debtor holds in trust, regardless of whether the trust is an express trust, a statutory trust, or an equitable constructive trust. *Mid–Atlantic Supply, Inc. v. Three Rivers Aluminum Co.*, 790 F.2d 1121, 1124–26 (4th Cir.1986). This Court concludes, consequently, that if properly and timely perfected, a PACA-created trust is not part of the debtor's estate. *See In re Asinelli, Inc.*, 93 B.R. at 435 (finding that statutory trust created under PACA was not within bankruptcy estate); *In re Fresh Approach, Inc.*, 51 B.R. 412, 420 (Bankr.N.D.Tex.1985) (finding that PACA trust was not included in bankruptcy estate). The Bankruptcy Court, therefore, will need to consider whether Plaintiff Monterey, or any other potential claimant, properly and timely has perfected its interest in the trust. The Bankruptcy Court also will need to consider the scope of the PACA-created trust. This Court is of the opinion that the resolution of any issue involving PACA will be only an insignificant interpretation of the statute or an application of the law to the facts.

Moreover, because the PACA-created trust is not included in the debtor's estate, the Court believes that the issues will require the Bankruptcy Court to consider PACA and state law principles. In addition to the previously noted issues involving PACA, the Bankruptcy Court may need to consider the propriety of Defendant Coloni-

al's perfection of its security interest in Carolina Produce's accounts receivable, the effect of Plaintiff Monterey's request to Colonial to increase the financing to Carolina Produce, the priorities among the parties in the escrow account, and the terms of a subordination agreement, all of which do not appear to be governed by Title 11.

For all of these reasons, the Court concludes that jurisdiction of Plaintiff Monterey's adversary proceeding should remain with the Bankruptcy Court. The Court, therefore, will deny Defendant Colonial's Motion for Order of Withdrawal.

NOW, THEREFORE, IT IS ORDERED that Defendant Colonial's Motion for Order of Withdrawal is hereby *DENIED*.