In re **AMERICAN MANUFACTURING TECHNOLOGIES, INC., a California corporation, Debtor.**

Harold S. **TAXEL, Trustee, Plaintiff,**

v.

**VERI–FONE, INC., an Hawaii corporation, Defendant.**

Bankruptcy No. 84–01682–P7.
Adv. No. C84–0733–P7.

United States Bankruptcy Court, S.D. California.

May 7, 1986.

---

**4.** Exhibit No. 3, *supra*, note 1.

**5.** F.S.A. § 409.245, *supra*, note 3.

Kevin J. Hoyt, Joel C. Estes, Bernard M. Hansen, Estes & Hoyt, A.P.C., San Diego, Cal., for debtor.

James D. Baskin, III, Candance M. Carroll, Atty., Hill & Baskin, San Diego, Cal., for trustee.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

### I.

### INTRODUCTION

This Memorandum Decision arises out of three Motions filed by defendant Veri-Fone, Inc. ("Veri-Fone"). By way of Motion Veri-Fone requests this court to:

1. Dismiss the present adversary proceeding for lack of subject matter jurisdiction pursuant to Rule 7012(b) of the Bankruptcy Rules;

2. Modify the automatic stay in the related Chapter 11 proceeding to permit Veri-Fone to refile and prosecute its state court action previously filed as *Veri-Fone, Inc. v. American Manufacturing Technologies, Inc.*, Civil Case No. 82292, in the Circuit Court of the First Circuit, State of Hawaii; and

3. Stay the trustee for a period of 30 days following entry of its Order from refiling his within action.

In support of its Motion, Veri-Fone contends that:

1. The Bankruptcy Court previously construed its grant of jurisdiction over broadly and unconstitutionally in determining this matter to be a core proceeding;

2. That 28 U.S.C. § 157(b) is unconstitutional as construed;

3. That this Court lacks subject matter jurisdiction to hear and decide this matter;

4. That to prevent injustice to Veri-Fone and unfair advantage to the trustee, the party should be returned to nearly as possible the *ante status quo.*

## II.

### FACTS

On or about April 13, 1984, American Manufacturing Technologies, Inc. ("debtor" or "AMTI") filed a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code ("Code") thereby automatically staying a Hawaii state court contract action involving the debtor and Veri-Fone, a Hawaii corporation. Harold S. Taxel ("trustee") was appointed as trustee on April 16, 1984. On or about October 12, 1984, the trustee commenced this adversary proceeding against Veri-Fone. In this adversary proceeding, the trustee seeks to recover monies allegedly owed the estate for breach of contract, on open account and for reasonable value of services relating to a commercial dispute between the debtor

and Veri-Fone which arose before the filing of the instant Chapter 7 Petition. The trustee seeks damages of approximately $500,000, plus interest.

On or about April 2, 1984, 11 days prior to the commencement of the debtor's Chapter 7 proceeding, Veri-Fone had commenced suit against the debtor in the Circuit Court of the First Circuit, State of Hawaii, styled *Veri-Fone, Inc. v. American Manufacturing Technologies, Inc.* That suit arose out of the same transactions and course of dealings upon which the trustee's adversary proceeding is based and was stayed by the filing of the debtor's Chapter 7 Petition for relief.

Veri-Fone is the maker of "point-of-sale credit verification terminals", small telephone-like computer terminals that are placed beside cash registers at stores, restaurants, and other retail establishments to allow clerks to automatically verify credit cards and checks by passing a card through a magnetic "reader" and punching in a few numbers. Veri-Fone creates, engineers and markets its terminals, but contracts out the manufacturing and assembly to other firms. The debtor is a manufacturer, and is capable of manufacturing credit card verification terminals.

During the Summer or Fall of 1983, AMTI and Veri-Fone signed an agreement whereby AMTI would build 250 prototype units of Veri-Fone's terminal. Thereafter, in late January, 1984, Veri-Fone approved the prototype units and entered into a contract with AMTI whereby AMTI would begin manufacturing 2000 terminals per month. Veri-Fone would sell the finished terminals to its own customers. As part of the agreement between the parties, certain time tables for shipment and other specifics regarding shipment of the finished product were specified. Additionally, certain methods of payment and the means to obtain certain expensive electronic components, not manufactured by the debtor, but required to be used in the terminals were specified.

Apparently, AMTI was delinquent in meeting the agreed upon deadlines for

shipment, and other certain specifics, and Veri-Fone was delinquent in timely paying for the finished product pursuant to the agreement between the parties (in fact, AMTI alleges that Veri-Fone failed to make payment in full at all).

Veri-Fone alleges that AMTI was unable and unwilling to ship the completed terminals pursuant to the agreement between AMTI and Veri-Fone. Additionally, Veri-Fone alleges that in late March, 1984, AMTI demanded that Veri-Fone agree to advance certain funds for certain components (which components were required to be purchased from a third party supplier and used in the manufacture of the terminals) and allegedly threatened that if Veri-Fone refused, AMTI would sell off the scarce components acquired for the Veri-Fone contract. Veri-Fone alleges that AMTI was aware that without such components Veri-Fone might not be able to have its terminals made by another manufacturer. Eventually, Veri-Fone and AMTI reached an agreement whereby AMTI would seek to raise the cash elsewhere, AMTI would ship the 400 terminals that were nearing completion, and Veri-Fone would pay off an outstanding invoice of about $95,000, representing the cost of the prototype terminals, in two installments. The first installment of $50,000 was paid on or about March 21, 1984. It was shortly thereafter, before Veri-Fone's second installment was due, that AMTI allegedly demanded that Veri-Fone agreed to advance the funds for AMTI's components.

Apparently, Veri-Fone elected to treat AMTI's action as anticipatory repudiation of the contract and demanded adequate assurances of performance under the Uniform Commercial Code. Apparently, no adequate assurances were forthcoming and Veri-Fone engaged a new manufacturer.

The new manufacturer entered negotiations with AMTI to purchase the components, but at the last moment, AMTI allegedly reneged. Veri-Fone then sued AMTI in Hawaii on April 2, 1984, claiming damages and seeking an injunction barring AMTI's sale of the scarce components. A Temporary Restraining Order was obtained on the same date. AMTI filed its Chapter 7 Petition on April 13, 1984, and Veri-Fone's Hawaii action has since been discontinued without prejudice.

Veri-Fone found a new manufacturer, which manufacturer was able to find other sources for the components but at substantially higher prices. Additionally, Veri-Fone alleges that Veri-Fone's production was interrupted for over three months causing lost sales and profits. Finally, Veri-Fone alleges that the terminals shipped after the prototypes were defective.

AMTI alleges that it was entitled to repudiate the contract because of Veri-Fone's delay in payment of invoices under the prototype order. AMTI alleges that AMTI shipped Veri-Fone 245 prototype units and billed Veri-Fone $95,148.20. AMTI alleges that Veri-Fone did not timely pay this invoice. AMTI alleges that the parties then agreed that Veri-Fone would pay $50,000 by March 27, 1984 and the remaining $45,148.20 by April 3, 1984, and that AMTI would ship an additional 353 units when it received the first $50,000. Veri-Fone paid AMTI the first $50,000 and AMTI then shipped the 353 additional terminals, for which it then invoiced Veri-Fone in the amount of $63,908.13. Around the same time, AMTI allegedly advised Veri-Fone that Veri-Fone had failed to live up to the contract, in that its software design changes caused delays which forced AMTI to finance the inventory for much longer than originally intended also, Veri-Fone had still not paid the $45,148.20 invoice. Apparently, AMTI informed Veri-Fone that it was in poor financial shape and that it would consider the contract terminated unless Veri-Fone paid its bill and assisted AMTI in financing the inventory, perhaps by purchasing the inventory. Allegedly, Veri-Fone responded that it could not purchase the inventory and could not assist with financing. After a series of negotiations, AMTI refused to sell Veri-Fone piecemill inventory, or to release it, unless Veri-Fone paid the remaining $45,148.20. Apparently, Veri-Fone did not pay the $45,-

148.20 and AMTI ceased manufacture of the terminals.

On or about November 28, 1984, Veri-Fone filed a Motion in this adversary proceeding seeking a determination that the proceeding was a "related to" proceeding rather than a "core" proceeding; the exercise of discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1); and relief from the automatic stay to continue with the Hawaii state court action.

On January 7, 1985, Judge Ross M. Pyle ruled that the case was a core proceeding pursuant to the "catch all" provision of 28 U.S.C. § 157(b)(2)(0); that discretionary abstention under 28 U.S.C. § 1334(c)(1) would not be appropriate; and that relief from stay should be denied.

Thereafter, within 30 days, Veri-Fone filed its answer, including the defense that the Bankruptcy Court lacks jurisdiction to enter its judgment in accordance with 11 U.S.C. § 157(c)(1) and 11 U.S.C. § 157(d).

Veri-Fone has not filed a claim in this Chapter 7 proceeding and the Claims Bar Date has passed.

### III.

### DISCUSSION

A. *Subject Matter Jurisdiction.*

▇ The defense of lack of subject matter jurisdiction and the consequent Motion for Dismissal may be asserted at anytime, at either the trial or appellate level, by either the parties or by the court. *AMFAC Mortgage Corp. v. Arizona Mall of Tempe, Inc.,* 583 F.2d 426, 430 (9th Cir.1978).

The controversy between the debtor and Veri-Fone revolve around competing state law contract claims. Both parties assert that the other is in breach of the same contract, as discussed above, and both parties seek redress under the Uniform Commercial Code and related provisions. Moreover, at the hearing in this matter on January 7, 1986, trustee's counsel represented

to the Court "this is a garden variety dispute".[1]

On January 25, 1985, the Order denying Veri-Fone's Motion to Abstain and Request for Relief from Stay was entered by this court. Specifically, Judge Ross M. Pyle found that "... this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(0), and that it is a core proceeding arising under Title 11 within the meaning of 28 U.S.C. §§ 157(b)(1) and 1334(c)(1), and ... abstention would not be appropriate...."[2]

▇ Veri-Fone alleges that Judge Pyle's Order determining that the instant matter was a core proceeding under 28 U.S.C. § 157(b)(2)(0) is unconstitutional in light of a recent opinion rendered by the United States Court of Appeals for the Ninth Circuit, *Piombo Corporation v. Castle Rock Properties,* 781 F.2d 159 (9th Cir.1986). This court has the power to correct an interlocutory ruling inconsistent with a later Appellate decision. *1B Moore's Federal Practice,* para. 0.404[1] through 0.404 [4.–1], at 118–126 (2d ed. 1984).

In *Castle Rock Properties* the Ninth Circuit Court of Appeals held that "...state law contract claims that do not specifically fall within the categories of core proceedings enumerated in 28 U.S.C. § 157(b)(2)(B–N) are related proceedings under § 157(c) even if they arguably fit within the literal wording of the two catch all provisions, §§ 157(b)(2)(A) and (0). To hold otherwise would allow the Bankruptcy Court to enter final judgments that this Court has held unconstitutional." *Piombo Corporation v. Castle Rock Properties, supra* at 162.

In *Castle Rock,* the debtor filed a Chapter 11 proceeding, thereby automatically staying a state court contract action involving Castle Rock and Piombo. Piombo filed for relief from the automatic stay and Castle Rock filed an Answer incorporating state law contract counterclaims against

---

1. Reporter's Transcript of Proceedings, January 7, 1985, 26:12.

2. Order denying Motion to Abstain and Request for Relief from Stay, 2:12–16, entered January 25, 1985.

Piombo. The Bankruptcy Judge elected to try the counterclaims but did not enter an order denying the relief from stay. Piombo conceded subject matter jurisdiction but objected to the propriety of trying the counterclaims in the relief from stay proceeding. Piombo's objections were denied and Piombo brought a Motion to be allowed to bring its own counterclaim, but the Motion was denied.

Thereafter, at the pretrial conference Piombo objected to the Bankruptcy Court's jurisdiction relying on *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). On stipulation of the parties the District Court vacated the Bankruptcy Court's judgment which had been entered for Castle Rock in order to determine whether the Bankruptcy Court could properly enter judgment. The District Court held that the Bankruptcy Court did not have jurisdiction to determine the substitutive issues and vacated the automatic stay. The Ninth Circuit Court of Appeals affirmed the District Court's Order.

■ This Court finds that the issues raised in the trustee's Complaint do not fall within the specific provision enumerated § 157(b)(2)(B)–(N).[3] Moreover, in light of the recent Ninth Circuit Court of Appeals' opinion in *Castle Rock Properties, supra,* this Court finds that the issues raised herein do not fit within the literal wording of the two catch all provisions, §§ 157(b)(2)(A) and (O). Therefore, this Court finds Judge Pyle's ruling that the trustee's Complaint is a core proceeding under 28 U.S.C. § 157(b)(2)(O) unconstitutional in light of

*Northern Pipeline Construction Co. v. Marathon Pipeline Co., supra,* and *Piombo Corporation v. Castle Rock Properties, supra.*

However, this Court finds that it possesses subject matter jurisdiction under 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(c)(1), which sections permit the Bankruptcy Court to hear "related proceedings", but requires submission to the District Court of proposed findings and conclusions rather than the entry of a final judgment by the Bankruptcy Court. Therefore, should this Court not decide to dismiss this case, the matter would proceed to trial as expected and this Court would merely submit findings of fact and conclusions of law rather than entering final judgment.

Accordingly, this Court possesses subject matter jurisdiction to hear this case as a "related to" proceeding rather than a "core" proceeding. The *Castle Rock* decision does not "mandate" dismissal of this case, and this case is not dismissed for lack of subject matter jurisdiction, notwithstanding Veri-Fone's allegedly tactical decision not to file a claim herein.

### B. *Abstention.*

■ This Court may abstain from hearing a bankruptcy case or proceeding "... related to a case under Title 11 ...", "... in the interest of justice, or in the interest of comity with State courts or respect for State law...." 28 U.S.C. § 1334(c)(1).

This Court will exercise its discretion and abstain from hearing this adversary proceeding for the following reasons: As both parties agree, and the pleadings so indi-

---

**3.** In the matter of *Baldwin-United Corp.,* 52 B.R. 541 (Bankr.S.D.Ohio) the court enunciated a number of factors which should be considered in determining whether a proceeding is "core" or "related to", including the following:

1. Does a proceeding fall within one of the specific categories of core proceedings set forth in 28 U.S.C. § 157(b)(2)?

2. To what extent does a resolution of the proceeding impact upon the bankruptcy case? Does the ability of the debtor to reorganize and pay its creditors hinge on the quick resolution of the proceeding, or is the proceeding merely "peripheral" to the case.

3. Is a proceeding one which a Bankruptcy Court traditionally has been empowered to decide?

4. Is there a "federal rule of decision provided for any of the issues in the lawsuit?" *Marathon, supra,* 458 U.S. at 90, 102 S.Ct. at 2881 (Rehnquist, concurring). If the proceeding arises entirely under state law, does it present substantial questions of law and fact for adjudication? *Matter of Baldwin-United Corp.,* 52 B.R. at 546–547.

cate, the same law, interpretation of the Hawaii State Uniform Commercial Code, applies. Clearly, there is no federal question, rather, this a "garden variety contract claim". Additionally, there has been a suit previously filed in Hawaii and the state court is a more proper forum to adjudicate this matter. Moreover, the trustee has requested a jury trial. Practically speaking, to accommodate a jury trial demand in this case will probably require this trial to be heard over a period of 3 weeks. It is inconceivable that in this District, this Court could tie up one of only three courtrooms to hear this case. This Court is required, and judicial economy mandates, that this Court pay deference to the voluminous matters that come before this Court. While this proceeding does not appear to involve unsettled issues of state law, nor does it pose a threat to comity between the state and federal courts, this Court determines that discretionary abstention would be appropriate for the aforementioned reasons. *Cristol v. Western Book Distributors*, 47 B.R. 544 (Bankr.S.D. Fla.1985). (Court abstained where case was merely "related to" and District Court could not expeditiously try the case); *Sweeney v. Citicorp Person-to-Person Financial Center, Inc.*, 49 B.R. 1008 (Bankr.N.D. Ill.1985); *Northern Pipeline Construction Company v. Marathon Pipeline Company, supra.*

Furthermore, this Court finds the trustee's arguments that his efforts will be duplicated should he need to refile in non-bankruptcy court unmeritorious. Even though this Court abstains at this time, after the trustee and Veri-Fone have progressed substantially far in discovery, the trustee will not duplicate his efforts in the non-bankruptcy forum. The trustee need merely file a new complaint and continue the proceedings in another court based upon the discovery that has been completed for this adversary proceeding. Additionally, while the trustee may be required to hire Hawaii local counsel, should this matter be returned to Hawaii, that does not prejudice the trustee in any way and does not weigh heavily in this Court's decision in abstaining.

### C. *Relief from Stay.*

■ In light of this Court's ruling that this Court will abstain from hearing this proceeding under 28 U.S.C. § 1334(c)(1), Veri-Fone is granted relief from the automatic stay imposed under 11 U.S.C. § 362. Accordingly, this Court lifts the automatic stay under 11 U.S.C. § 362, as it applies to Veri-Fone, to allow Veri-Fone to file or refile its state court action regarding the issues involved in the trustee's Complaint. Moreover, the trustee, of course, is free to file its complaint in the state court also.

### D. *Staying of Trustee from Refiling His Complaint for a Period of 30 Days.*

■ This Court finds Veri-Fone's argument that the trustee should be stayed for a period of 30 days from refiling its complaint unmeritorious. Arguably, Judge Pyle's decision finding this matter to be a core proceeding, decided prior to the *Castle Rock* decision, was a proper interpretation of core versus non-core jurisdiction. Upon that determination, Judge Pyle naturally then declined to relieve the stay so that the Hawaii action could go forward. Therefore, to now stay the trustee for a period of 30 days from filing his action in another forum would unduly prejudice the trustee from advocating his rights and powers as provided by the United States Bankruptcy Code.

### IV.

### CONCLUSION

This Court finds the January 25, 1985, Order finding the trustee's Complaint to be a core proceeding under 28 U.S.C. § 157(b)(2)(0) is inconsistent with the later Appellate decision of *Piombo Corp. v. Castle Rock Properties, Inc., supra.* Accordingly, this Court corrects the interlocutory ruling and finds the trustee's Complaint to be a related proceeding under 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b)(1). While

this Court does possess subject matter jurisdiction of the trustee's Complaint, and accordingly has the constitutional authority to enter findings of fact and conclusions of law to the District Court, this Court, in its discretion, abstains from hearing this matter and hereby dismisses the trustee's Complaint. Finally, Veri-Fone is granted relief from the automatic stay in the related bankruptcy proceeding of *American Manufacturing Technologies, Inc.*, Case No. 84-01682-P7, in order to commence or recommence its contract action regarding the issues in this matter in another forum. This Court finds as unmeritorious Veri-Fone's argument that the trustee should be stayed for 30 days from refiling its Complaint and, accordingly, denies Veri-Fone's request to stay the trustee.

This Memorandum Decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for Veri-Fone shall prepare an order in accordance with this Memorandum Decision no later than 10 days of entry hereof.