**In re Stanley E. NEWMAN, Debtor.**

**PAGE & WIRTZ CONSTRUCTION CO., a New Mexico corporation, Plaintiff,**

**v.**

**MONCOR, INC., a New Mexico corporation, Moncor Real Estate Investment Company, a New Mexico corporation, New Mexico National Bank, a New Mexico corporation, I.D.M., Inc., a New Mexico corporation, M.B. "Pete" Ford, Robert O. Moore, Jaynes Corporation, a New Mexico corporation, Reed H. Chittim, J. Alan Hunton, Orville T. Brey, and Stanley E. Newman, Defendants.**

**Bankruptcy No. 7–86–00103 M A.**
**Adv. No. 86–0045 M.**

United States Bankruptcy Court, D. New Mexico.

Feb. 13, 1986.

---

Stephen J. Rhoades, Albuquerque, N.M., for defendants Moncor, Inc., and Moncor Real Estate Inv. Co.

Douglas T. Francis, Albuquerque, N.M., for defendant NM Nat. Bank.

William E. Snead, Albuquerque, N.M., for defendants I.D.M. and Brey.

Robert M. St. John, Albuquerque, N.M., for defendants Moore and Ford.

Timothy M. Sheehan, Albuquerque, N.M., for defendant Jaynes Corp.

Joseph L. Werntz, Albuquerque, N.M., for defendant Chittim.

Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, N.M., for defendant Hunton.

Louis Puccini, Jr., Albuquerque, N.M., for defendant Newman.

Gail Gottlieb, Albuquerque, N.M., for plaintiff.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter comes before the Court on the Motion to Remand and for Sanctions filed by Page & Wirtz Construction Co., plaintiff in a pending state court action in which there are 11 main defendants. One of the defendants is the above debtor, Stanley E. Newman. Three of the remaining ten defendants are debtors in proceedings pending in this and other bankruptcy courts. On August 20, 1984, Page & Wirtz filed in the Second Judicial District Court for the County of Bernalillo, State of New Mexico, its complaint for securities fraud and breach of contract against Moncor, Inc., First City Real Estate Investment Company, I.D.M., Inc., the Jaynes Corporation, and the individual defendants Ford and Moore. Thereafter, the complaint was amended to add New Mexico National Bank and the other individual defendants. On August 22, 1985, First City Real Estate Investment Company filed for protection under chapter 11 of the Bankruptcy Code in the District of New Mexico. On August 29, 1985, Moncor, Inc., did likewise. It is acknowledged by counsel that defendant Chittim is a debtor in a bankruptcy proceeding pending in Texas.

On January 24, 1986, the debtor, Stanley Newman, filed a petition under chapter 7 of the Bankruptcy Code in the District of New Mexico. On February 5, 1986, New Mexico National Bank filed its application for re-

moval to the United States District Court for the District of New Mexico which, pursuant to United States District Court Local Rule 31 and an order of reference entered on February 6, 1986, was referred to the Bankruptcy Court for the District of New Mexico.

The Motion to Remand and for Sanctions was filed by Page & Wirtz on February 7, 1986, and came before this Court for hearing on February 10, 1986.

There are three questions pending before this Court. The first is, is the motion for remand pursuant to 28 U.S.C. § 1452 a core proceeding as envisioned by 28 U.S.C. § 157, or is this a case in which it is appropriate for this Court to make proposed findings of fact and conclusions of law for submission to an Article III court for ultimate determination. The next is, is this a case which would require a mandatory abstention pursuant to the language of 28 U.S.C. § 1334(c)(2), or in the alternative, a case in which the Court's discretion should be exercised to allow the case to proceed to judgment in the state court. Finally, the question is presented as to whether or not the removal of this case was such an abuse of the bankruptcy process as to warrant the imposition of sanctions.

██ The first question then, is whether or not to order remand with respect to a removed state court proceeding fits within the definition of core proceeding as set forth in 28 U.S.C. § 157(b)(2). It is fair to say that no definitive line of cases interpreting the meaning of the words "core proceeding" is in existence. Rather, it would be fair to say that at this stage in the development of the law, one can find a case to support almost any proposition. Certainly it could be said that the decision to remand is a "matter concerning the administration of the estate" [28 U.S.C. § 157(b)(2)(A)], or that it is an "other proceeding affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or -equity security holder relationship, ...." [28 U.S.C. § 157(b)(2)(O)].

On the other hand, 28 U.S.C. § 1452 provides that a decision to remand made under that section is not reviewable by appeal or otherwise. That being true, one can only surmise that it was the intent of Congress that the power to make a nonappealable decision should rest with an Article III judge exercising the judicial power of the United States.

Therefore, pursuant to United States District Court for the District of New Mexico Local Rule 31, this matter will be referred to the District Court for entry of a final order.

The next question to be addressed is whether 28 U.S.C. § 1334(c)(2) requires the Court to abstain from hearing this case and to order remand. Section 1334(c)(2) provides as follows:

"Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11, or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy."

Note that a decision under this section is also not appealable. A careful review of this section, along with 28 U.S.C. § 157, leads me to find that the motion made by Page & Wirtz for remand is timely, that the pending action is based upon a state law claim or state law cause of action, and that such action is commenced and can be timely adjudicated in a State forum of appropriate jurisdiction.

**30**

The remaining question is whether or not the pending state court case will make determination of claims against this debtor, and the other debtors, which would ordinarily be core proceedings, and if so, whether that fact removes this case from one which requires mandatory abstention. Clearly, if this were a suit only between the plaintiff and this named debtor, characterization of what is being sought in the state court proceeding as a core proceeding would be relatively simple to make. It is certainly clear that the causes of action alleged against the debtor Newman seek to liquidate a claim of the plaintiff made against the debtor. Obviously, that is also the primary intent of the allegations made against the other named debtors as well as the allegations made against the nondebtor defendants.

The claims made by the plaintiff against the nondebtor defendants are at best matters which one could characterize as related to a case under Title 11 but certainly do not arise under Title 11 or arise in a case under Title 11. It is obviously not possible to remand only a portion of the case. It is therefore my considered judgment that since the case contains parties over which this Court has no jurisdiction and causes of action that are merely related to this bankruptcy proceeding, the case should be remanded pursuant to § 1334(c)(2).

Finally, it appears to me that this is not a case which would warrant sanctions against the removing party.

The decision in this case was not easily arrived at. It is certainly not so crystal clear as to leave me with the impression that there was absolutely no merit in, or grounds for, the removal of this case from the state court. Certainly, under the state of the law before and prior to the decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), this was a case which was generally removed and heard in one forum. The Congress' response to *Northern Pipeline* now leaves the parties in the position of having to have these matters litigated in three or four forums, but the legislative history of the Bankruptcy Amendments and Federal Judgeship Act of 1984 leads me to believe that this is the type of case from which the Court should mandatorily abstain from hearing.

I will therefore recommend, pursuant to United States District Court for the District of New Mexico Local Rule 31, that the District Court abstain from hearing this case and that it be remanded to state court for further proceedings.

This memorandum constitutes proposed findings of fact and conclusions of law. Bankruptcy Rule 7052.