WESTERN HELICOPTERS, INC., an Oregon corporation, Plaintiff,

v.

HILLER AVIATION, INC.; Fairchild–Hiller, Inc.,; Rogerson–Hiller, Inc., et al., Defendants.

Civ. No. S–88–650 MLS.

United States District Court, E.D. California.

Nov. 22, 1988.

Michael E. Reznick, Jones, Day, Reaves & Pogue, Los Angeles, Cal., for Rogerson–Hiller, Inc.

Peter Axelrod, Reid & Axelrod, Corte Madera, Cal., Lloyd B. Ericsson, Laura Van Harlingen Potter, Martin, Bischoff, Templeton, Ericsson & Langslet, Portland, Or., for Western Helicopters, Inc.

## ORDER

MILTON L. SCHWARTZ, District Judge.

This matter is before the court for review of the bankruptcy court's May 4, 1988 report and recommendation that the case be remanded to the Siskiyou County Superior Court where it was originally filed. Plaintiff's complaint alleges strict product liability, breach of warranty, and negligence claims arising out of the crash of a helicopter manufactured by defendants Fairchild–Hiller, Inc. and Hiller Aviation, Inc. ("Hiller Aviation"). Defendant Rogerson–Hiller, Inc. ("Rogerson–Hiller"), a subsidiary of Rogerson Aircraft Corporation ("Rogerson"), indirectly acquired substantially all of Hiller Aviation's assets pursuant to Bankruptcy Judge E.A. Thompson's June 11, 1984 order for a sale of Hiller's assets to Rogerson.

Rogerson–Hiller removed those claims asserted against it to the bankruptcy court

on June 8, 1987, pursuant to 28 U.S.C. § 1334(b). Removal was based on the ground that plaintiff's claims are "related to" Hiller Aviation's pending Chapter 11 bankruptcy action filed in Fresno, California. The basis of the relationship asserted by Rogerson–Hiller is its indirect acquisition of Hiller Aviation's assets, and its contention that the case turns on an interpretation of Judge Thompson's order. Although the parties agreed that those claims are at least minimally related to Hiller Aviation's bankruptcy petition, the bankruptcy court disagreed.

Plaintiff filed a motion to remand in the bankruptcy court on November 27, 1987, asserting the following bases for remand: (1) Rogerson–Hiller's removal was untimely, (2) sufficient grounds existed for "equitable remand" pursuant to 28 U.S.C. § 1452(b) or "permissive abstention" under 28 U.S.C. § 1334(c)(1), and (3) the bankruptcy court was required to mandatorily abstain from hearing the case pursuant to 28 U.S.C. § 1334(c)(2). A hearing was held in that court before Judge Loren S. Dahl on February 19, 1988, and he issued his report and recommendation on May 4.

The bankruptcy court found, based on the analysis in *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 661 (4th Cir. 1985), that Rogerson–Hiller's removal was timely since it was effected within 30 days of Rogerson–Hiller receiving service of process; however, a number of grounds existed to make equitable remand appropriate. First, the bankruptcy court determined Rogerson–Hiller's contention that the outcome of plaintiff's case could affect Hiller Aviation's rights and administration of its chapter 11 estates to be wholly speculative. The bankruptcy court cited several contingencies that would first have to occur before plaintiff's suit could possibly have a harmful effect on Hiller Aviation's bankruptcy action. Moreover, the bankruptcy court concluded that any potential effect of this action on Hiller Aviation's chapter 11 estates was of no import when considering whether the claims against Rogerson–Hiller should be maintained in state court.

Second, the bankruptcy court also rejected Rogerson–Hiller's argument that this action is related to a Title 11 case because plaintiff's claims present a "threshold issue" of the interpretation to be given Judge Thompson's June 11, 1984 order regarding the sale of Hiller Aviation's assets to Rogerson, Rogerson–Hiller's parent company. Rogerson–Hiller argued that Judge Thompson's order that the sale of assets to Rogerson be "subject to known and disclosed liens, but otherwise free and clear of claims, interest, liens and encumbrances," Report and Recommendation at 7:2–4, prevented plaintiff from seeking to recover against it on a successor liability tort theory. The bankruptcy court rejected Rogerson–Hiller's argument because the claim did not appear on the face of the complaint, and it refused to speculate whether such a claim would be raised since Rogerson, Rogerson–Hiller's predecessor in interest, was not joined as a defendant.

Finally, after weighing considerations of "judicial economy; comity and respect for state court decision-making capabilities; the effect of remand upon the related title 11 estate; the effect of bifurcating the claims and parties to an action and the possibilities of inconsistent results; the predominance of state law issues and non-debtor parties; and the prejudice to other parties to the action," Report and Recommendation at 8:19–25 (citations omitted), the bankruptcy court concluded that equitable remand was appropriate. It determined that this case involves state law issues both with respect to plaintiff's claims and with respect to Rogerson–Hiller's anticipated defenses. Even if the June 11, 1984 order should become relevant at some point, its relevance would only be important to resolving state law issues. Accordingly, the bankruptcy court declined the role of resolving non-bankruptcy related issues between non-debtors.

In accordance with Bankruptcy Rule 9027(e), the bankruptcy court forwarded its intended decision to this court for review. On August 26, 1988, plaintiff filed a brief in support of Judge Dahl's recommendation to remand, and Rogerson–Hiller filed its objection on September 2. The case was

initially set on this court's September 30, 1988 civil law and motion calendar, and was later recalendared for October 14. The October 14 hearing was vacated due to the court's congested calendar and the matter was ordered submitted.

In accordance with the provisions of Bankruptcy Rule 9033(d), this court has conducted a *de novo* review of the bankruptcy court's report and recommendation. Having carefully reviewed the files and the parties' responses to the bankruptcy court's recommendation, and the law applicable thereto, the court finds the recommended disposition of the motion to be supported by the record and by the bankruptcy court's analysis.

Rogerson–Hiller raises the issue in its objection of whether the California law of successor liability is preempted by the Bankruptcy Code and under what circumstances preemption applies. It cites *In Re White Motor Credit Corp.*, 75 B.R. 944 (Bkrtcy.N.D. Ohio 1987), as authority for the proposition that this preemption principle applies to this case. Because this issue was not raised before the bankruptcy court when it considered plaintiff's motion to remand, it seems appropriate for this court to remand to the bankruptcy court for consideration of the issue. However, since this court has concluded, after reviewing *White Motor*, that preemption does not apply to the circumstances of this case for reasons already referred to by the bankruptcy court, remand to that court for further consideration would be futile. Preemption is inapplicable to this case because, as the bankruptcy court has already stated, plaintiff has not asserted a theory of successor liability against Rogerson–Hiller. Therefore, unless and until plaintiff does assert such a theory, federal bankruptcy law principles cannot apply.

Accordingly, IT IS ORDERED:

1. That the bankruptcy court's May 4, 1988 report and recommendation is adopted in full;

2. That plaintiff's motion to remand is GRANTED;

3. That the case is remanded to the Siskiyou County Superior Court; and

4. That the court clerk is directed to send a certified copy of this order to the Siskiyou County Superior Court.

United States Bankruptcy Court Eastern District of California

In re WESTERN HELICOPTERS, INC.

WESTERN HELICOPTERS, INC., Plaintiff

vs.

HILLER AVIATION, INC.; FAIRCHILD–HILLER, INC.; ROGERSON–HILLER, INC., Defendants

Case No. 287–M–0012A

Adv. No. 287–0272

Mto. No. RA–1

Date Filed: Nov. 23, 1987

Of: Motion to remand to Superior Court of Siskiyou County, State of California

MEMORANDUM OPINION AND DECISION

The issue before the court is whether plaintiff's complaint against Rogerson–Hiller, Inc., (hereinafter "Rogerson–Hiller") is proper for remand.

FACTS

On October 13, 1987, plaintiff, Western Helicopters Inc., (hereinafter "Western"), an Oregon corporation, filed a complaint for damages against Rogerson–Hiller, Hiller Aviation, Inc., and Fairchild–Hiller, Inc., in the Siskiyou County Superior Court for damages arising out of the crash of its "Soloy–Hiller 12E Helicopter". (Application for removal, Exhibit A). The complaint alleged strict liability for product and design defect, breach of warranty, and negligence as grounds for suit. Western seeks a total of $135,000 in damages against the above named defendants.

Defendant Hiller Aviation, Inc. was personally served with Western's complaint on May 3, 1987 (Declaration of William Olle in support of motion to remand) and defendant Rogerson–Hiller was personally

**4**

served with said complaint on May 8, 1987. (Opposition to motion to remand, p. 4).

Rogerson–Hiller filed an application for removal on its own behalf with the United States District Court for the Eastern District of California pursuant to 28 USC §§ 1452(a) and 1334(b) on June 8, 1987 alleging that Western's claims and causes of action against it were "related to" a pending chapter 11 case filed in Fresno which involved defendant Hiller Aviation, Inc. as debtor. (Application for removal, p. 2). Specifically, Rogerson–Hiller alleged that Western's claims against it were "related to" the Hiller bankruptcy petition because Rogerson–Hiller had indirectly acquired substantially all of Hiller Aviation, Inc.'s assets pursuant to Bankruptcy Judge E.A. Thompson's June 11, 1984 order for a sale of Hiller's assets to Rogerson–Hiller's parent company, Rogerson Aircraft Corporation. (Application for removal, p. 2–3).

Western filed a motion to remand the case to the Siskiyou County Superior Court on November 27, 1987 on three grounds: Rogerson–Hiller's motion to remove was untimely; there were sufficient grounds for either "equitable remand" pursuant to 28 USC § 1452(b) or "permissive abstention" under 28 USC § 1334(c)(1); and that this court must mandatorily abstain from hearing the case pursuant to 28 USC § 1334(c)(2).

A hearing on this matter was held on February 19, 1988. PETER AXELROD, ESQ., of Reid & Axelrod appeared on behalf of the moving party, Western Helicopters, while MICHAEL E. RESNICK, ESQ., of Jones, Day, Reavis & Pogue appeared on behalf of the defendant Rogerson–Hiller.

Rogerson–Hiller has filed a motion for summary judgment which is not at issue at this time.

## DISCUSSION

The statute under which the complaint was initially removed, 28 USC § 1452(a) provides in pertinent part that "a party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

Section 1334(a) gives the district courts original and exclusive jurisdiction of all cases under title 11 while § 1334(b) allows for "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

So long as a timely request for removal has been made to the district court pursuant to 28 U.S.C. § 1452(a), the removal of the case from the state court to the bankruptcy court will be automatic. B.R. 9027(d); *In re Princess Louise Corp.*, 77 B.R. 766, 771 (Bankr.C.D.Cal.1987).

The timeliness of a § 1452(a) petition for removal is governed by Rule 9027(a)(3) which requires a filing with the clerk no later than 30 days after receipt of service in a civil action which is initiated after the commencement of a case under the code. (Bankruptcy Rule 9027(a)).

The parties agree that Rogerson–Hiller filed its petition for removal within 30 days after its receipt of Western's complaint. Western apparently contends, however, that the petition for removal was untimely because it was filed more than 30 days after the complaint was initially served on Hiller Aviation, Inc.

Western does not cite any authority in support of its contention, nor have we found any. The Advisory Committee notes to Rule 9027 state that subdivision (a)(3) was derived from 28 U.S.C. § 1446(b) which states that "the petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by *the* defendant ... of a copy of the initial pleading ..." (emphasis added). The plain language of the statute seems to preclude a reading that the 30 days would begin running upon the service of *any* defendant. In fact, the 4th Circuit Court of Appeals has specifically held that a bankruptcy petition for removal is timely so long as the petition is filed within 30 days of service on that particular defendant. *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 661 (4th Cir.1985).

Were we to adopt Western's view, a plaintiff to a multi-party suit could conceivably prevent a defendant from filing a petition to remove by refusing to serve that defendant until after 30 days has elapsed from the date of service on another defendant who could not, or would not remove. As Congress clearly did not intend such a result or such an interpretation, this court adopts the *Creasy* analysis and finds that Rogerson–Hiller's motion to remove was timely.

■ Western argues in the alternative that its claims against Rogerson–Hiller merit remand to the Siskiyou County Court pursuant to 28 U.S.C. § 1452(b) "equitable remand" or 28 U.S.C. § 1334(c)(1) "permissive abstention".

Section 1452(b) provides that a court may remand a cause of action or claim on "any equitable ground". Section 1334(c)(1) declares that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

Although the parties to this action apparently agree that the claims against Rogerson–Hiller are "at least minimally related to cases under title 11" (Application for removal, p. 4–5; points and authorities in support of motion to remand, p. 4–6), this court disagrees.

Rogerson–Hiller contends that this court has jurisdiction over the claims against it pursuant to 28 U.S.C. § 1334(b) for two reasons. The first is that Western has joined Hiller Aviation, Inc. which is currently involved in a chapter 11 reorganization proceeding in this district, and that the outcome of Western's case "could affect the Hiller debtor's rights and administration of their chapter 11 estates." (Petition for removal, p. 4).

Although it may be true that if: Hiller Aviation is found to be liable for Western's damages; if Hiller's reorganization is still pending at that time; and, Western attempts to lift the automatic stay to foreclose on property of Hiller's estate, then there could be a deleterious effect on the administration of Hiller's chapter 11 estate. However, at this stage the effect is purely speculative. In any event, the mere fact that Hiller Aviation might someday be affected by Western's claims has no bearing on whether the claims against *Rogerson–Hiller* should be maintained in the bankruptcy court rather than in the state court.

Rogerson–Hiller's second and most vigorous ground for the granting of jurisdiction to the bankruptcy court is that Western's claims present a "threshold issue" of the interpretation of Judge Thompson's June 11, 1984 order in the Hiller Aviation bankruptcy.

The above order was entered between the debtors, Hiller Aviation, Inc. and Hiller Aviation, and Rogerson Aircraft Corporation (hereafter "Rogerson"), an assignee of the Bank of America's secured interest in some of the debtors' assets. The order lifted the automatic stay thereby allowing Rogerson to foreclose on various assets in the debtors' estate and also ordered that other described assets "be sold to Rogerson subject to known and disclosed liens, but otherwise free and clear of claims, interest, liens and encumbrances." (Opposition to motion to remand, Exhibit A, p. 3).

Rogerson subsequently transferred all assets recovered pursuant to the above order to the newly created and wholly owned subsidiary, Rogerson–Hiller Corporation. (Declaration of Milton Pizinger in support of motion for summary judgment, ¶¶ 1, 2, 3, 11). Rogerson–Hiller now claims that Western's claims against it should be tried in this court because the "gist" of Western's complaint is, *inter alia*, a claim against Rogerson–Hiller for damages based on a successor liability tort theory in violation of the June 11, 1984 bankruptcy order described above. (Opposition to motion to remand, p. 11).

Rogerson–Hiller, however, is raising a defense to a claim which Western has not raised in its complaint. Rather, Western's complaint alleges the following three causes of action against Rogerson–Hiller: placing a defectively designed and manu-

**6**

factured helicopter in the stream of commerce; breach of implied and express warranty of fitness; and negligent design, maintenance, and service. (Complaint, pp. 2–4).

There is no indication on the face of the complaint that Western alleges a cause of action against Rogerson–Hiller upon the tort theory of successor liability. Indeed, one would expect Western to join Rogerson–Hiller's predecessor, Rogerson Aircraft Corporation, if such a claim were to be asserted. Nonetheless, this court believes that to sustain a motion for removal solely on the ground that a claim might be raised which might eventually require the interpretation of an order to which the defendant was not even a party would be premature and an abuse of discretion.

Having found that the June 11, 1984 order bears no relevancy to Western's claims against Rogerson–Hiller, this court has no alternative but to grant Western's motion to remand its claims against Rogerson–Hiller back to the Siskiyou County Superior Court for lack of proof of any minimal relationship between Western's claims against Rogerson–Hiller and a title 11 case.

Even if we were to find a minimal relationship between Western's claims against Rogerson–Hiller and the Hiller Aviation bankruptcy case, that minimal relationship is not by itself enough to sustain a removal of the claims from state court.

■ Rather, when deciding to abstain or remand pursuant to 28 U.S.C. §§ 1334(c)(1) or 1452(b), the court must weigh such considerations as: judicial economy; comity and respect for state court decision-making capabilities; the effect of remand upon the administration of the related title 11 estate; the effect of bifurcating the claims and parties to an action and the possibilities of inconsistent results; the predominance of state law issues and non-debtor parties; and the prejudice to other parties to the action. *In re Mill–Craft Bldg. Systems, Inc.*, 57 B.R. 531 (Bankr.E.D.Wis.1986); *Thomasson v. Amsouth Bank, N.A.*, 59 B.R. 997 (Bankr.N.D.Ala.1986); *Re American MFG Technologies, Inc.*, 60 B.R. 645 (Bankr.S.D.Cal.1986); *Re J.F. Naylor &*

*Co.*, 67 B.R. 184 (Bankr.M.D.La.1986); *Allen County Bank and Trust v. Valvmatic International Corp.*, 51 B.R. 578 (N.D.Ind. 1985); *Re Keyco, Inc.*, 49 B.R. 507 (Bankr. E.D.N.Y.1985).

Rogerson–Hiller does not deny that all of Western's claims are based upon state law causes of action. In fact, even Rogerson–Hiller's anticipated defense based on a successor liability tort theory is a state law issue. Thus, even if the 1984 order were to become relevant, it would only be relevant to a state law issue. The fact that Rogerson–Hiller has failed to present any reasons why the state courts would be less qualified than the bankruptcy court to hear the state claims, while not dispositive by itself, is a factor which favors a remand. *Thomasson v. Amsouth Bank,* 59 B.R. at 1001. *See also, In re Mill–Craft, Inc.*, 57 B.R. at 533 ("A state court is better able to hear and determine a suit involving questions of state law than is a bankruptcy court").

It is clear that movant and Rogerson–Hiller are not directly involved in a title 11 proceeding. Thus, the potential danger arises that the court will be forced to resolve non-bankruptcy related issues between non-debtors. The courts have uniformly held that a bankruptcy court should avoid such a situation. *In re Mill–Craft,* 57 B.R. at 534; *In re Keyco,* 49 B.R. at 509. Furthermore, the fact that the relation between the claims involved and a title 11 case is remote has been considered a factor favoring remand. *In re J.F. Naylor & Co.*, 67 B.R. at 191.

Finally, judicial economy dictates that there would be no benefit to hearing Western's claims against Rogerson–Hiller in a bankruptcy court. Western originally brought this action against the three named defendants in the Siskiyou County Superior Court, the site of the helicopter crash. Rogerson–Hiller then removed only those claims pending against it, leaving the other parties to the action in the state court. Identical claims were made against all three defendants and all claims were based on state law tort issues.

This court has already decided that any interests a bankruptcy court might have in adjudicating the claims against Rogerson–Hiller are speculative at most. It would be an obvious waste of scarce judicial resources for two separate courts to adjudicate the claims of one plaintiff albeit against different defendants. Again, there are no federal issues involved and the state judicial machinery is already involved in the entertainment of Western's related actions against Hiller Aviation, Inc., and Fairchild–Hiller, Inc., for the identical causes of action pending against Rogerson–Hiller in this court.

In addition to the unnecessary expense and expenditure of duplicative judicial resources, bifurcating this civil claim creates the real danger of inconsistent results. Such a risk should be avoided if there are no countervailing benefits. *Thomasson v. Amsouth Bank*, 59 B.R. at 1001; *Re J.F. Naylor & Co.*, 67 B.R. at 191.

Balancing the above-mentioned factors, this court finds ample basis for granting the motion for "equitable remand" pursuant to 28 U.S.C. § 1452(b). Western's argument that this court must mandatorily abstain from hearing Western's claims against Rogerson–Hiller pursuant to 28 U.S.C. § 1334(c)(2) need not be addressed in light of the above conclusion of law.

Since Rogerson–Hiller has failed to convince this court that there is any necessity to remove the claims against it from the state court in which it was originally brought, Western Helicopter Inc.'s motion to remand will be granted.

### PROCEDURE

28 U.S.C. § 1452(b) reads in part, "an order entered under this subsection remanding a claim or cause of action ... is not reviewable by appeal or otherwise." As a non-appealable order may not be entered by bankruptcy judges because of their non-Article III status, *In re Newman*, 61 B.R. 27, 29 (Bankr.D.N.M.1986), such judges may only file a report and make recommendations for disposition of the motion with the district court. B.R. 9027(e). This memorandum opinion constitutes this court's report and recommendation to be forwarded to the district court for an appropriate order.

Date May 04 1988.

(S) <u>Loren S. Dahl</u>
Judge, United States
Bankruptcy Court