Robert E. BURDETT, et al.

v.

Benjamin WEISS, et al.

In re Benjamin WEISS, SS#: 039–07–8658.

In re BARON REALTY, INC., Tax I.D.# 05–0392868.

Robert E. BURDETT, et al.

v.

Benjamin WEISS.

Robert E. BURDETT, et al.

v.

BARON REALTY, INC.

Misc. No. 90–117.
Bankruptcy Nos. 90–10921, 90–10922.
Adv. Nos. 90–1113, 90–1114.

United States District Court,
D. Rhode Island.

Sept. 10, 1990.

Marty C. Marran, Pawtucket, R.I., for debtors.

Thomas W. Pearlman, Providence, R.I., for plaintiffs.

## ORDER OF REMAND

FRANCIS J. BOYLE, Chief Judge.

This matter came on for hearing before a Justice of the Honorable United States District Court on September 5, 1990 upon the application of the Defendants BENJAMIN WEISS and BARON REALTY, INC. for an Order affirming the Report and Recommendation of the Bankruptcy Court dated August 10, 1990, and the subsequent Order of the Bankruptcy Court dated August 22, 1990 in the above-referenced matters. It appearing that Plaintiffs have made no objection thereto, and the Court having considered the Report and Recommendation of August 10, 1990 and the Order of August 22, 1990, it is hereby

ORDERED, ADJUDGED and DECREED

1. The Report and Recommendation of the Bankruptcy Judge dated August 10, 1990 and his Order dated August 22, 1990 are approved, and all findings contained therein are hereby adopted by reference.

2. Plaintiffs and/or their counsel shall pay the sanctions as ordered on August 22, 1990 forthwith.

3. The matter of *Burdett vs. Weiss, et al.*, Providence County Superior Court C.A. No. 87–5245 is hereby remanded to the Providence County Superior Court.

4. The clerk shall enter judgment in accordance with this Order.

## REPORT AND RECOMMENDATION FOR REMAND

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

On July 13, 1990, Robert and Norma Burdett, plaintiffs in civil action number 87–5245 pending before the Providence County Superior Court for the State of Rhode Island, entitled *Robert Burdett and Norma Burdett v. Ben Weiss and Baron Realty, Inc.*, filed an Application for Removal with this Court, and a Notice of Removal in the Providence Superior Court, apparently pursuant to 28 U.S.C. § 1452(a) [1] and Bankruptcy Rule 9027. In response, on July 24, 1990, Benjamin Weiss and Baron Realty, Inc., the defendants in

---

1. 28 U.S.C. § 1452(a), entitled "Removal of claims related to bankruptcy cases", provides that:

    "A party may remove any claim or cause of action in a civil action, ..., to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

the State Court action and debtors in this Court, filed an Objection to the Application for Removal, a Motion for Remand, and for Rule 11 Sanctions.

■ In support of their objection to the removal application and request for remand, the debtors argue: (1) that the plaintiffs' application fails to comply with the procedural requirements of Bankruptcy Rule 9027 in that said application is not verified and does not contain a statement setting forth the facts which entitle them to remove. Bankruptcy Rule 9027(a)(1); (2) that the application is not accompanied by the required bond. Bankruptcy Rule 9027(b); and (3) that said application was filed without the required memorandum of law. Local Rule 10(a).

In addition to these technical reasons, the debtors argue that this cause should be remanded on equitable grounds, in that the plaintiffs have already had a full trial on this action in the Superior Court, and the only matters now pending are the plaintiffs' Motion for a New Trial, their appeal of the Superior Court judgment, and the defendants' motions for post-judgment relief.

Bankruptcy Rule 9027, entitled "Removal", provides in pertinent part that:

(a) Application.

(1) Where Filed; Form and Content. An application for removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending. The application shall be verified and contain a short and plain statement of the facts which entitle the applicant to remove and be accompanied by a copy of all process and pleadings.

. . . .

(b) Bond. An application for removal, except when the applicant is the trustee, debtor, debtor in possession, or the United States shall be accompanied by a bond with good and sufficient surety conditioned that the party will pay all costs and disbursements incurred by reason of the removal should it be determined that the claim or cause of action was not removable or was improperly removed.

Local Rule 10(a) of the United States Bankruptcy Court for the District of Rhode Island, entitled "Motion Practice: Timely Response Required", provides in relevant part that:

(a) The movant in every motion, application, . . ., shall include in the pleading a memorandum containing the authorities and reasoning supporting his/her position, together with affidavits or other material in support of said pleading.

Upon review of the Application for Removal submitted by Robert and Norma Burdett, we agree with the debtors that said application is defective for both the technical and substantive reasons stated in their objection.

28 U.S.C. § 1452(b) provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Based on the extensive history of this action before the Superior Court, the posture in which it is now before the Bankruptcy Court, as well as in the interests of comity, equity requires that this matter be remanded to the Superior Court. *See, e.g., Western Helicopters, Inc. v. Hiller Aviation, Inc.*, 97 B.R. 1 (E.D.Cal.1988) ("[A]fter weighing considerations of 'judicial economy, comity and respect for state court decision-making capabilities; the effect of remand upon the related title 11 estate; the effect of bifurcating the claims and parties to an action and the possibilities of inconsistent results; the predominance of state law issues and nondebtor parties; and the prejudice to other parties to the action', (citation omitted), the bankruptcy court concluded that equitable remand was appropriate." *Id.* at 2); *Thomasson v. Amsouth Bank, N.A.*, 59 B.R. 997 (N.D.Ala. 1986) (Remand found appropriate where: (1) the state court had already dealt with the merits of the lawsuit when it granted the temporary restraining order; (2) considerations of comity weighed in favor of remanding; and (3) the case could not have been brought in federal court absent jurisdiction under § 1334(b). *Id.* at 1001–1002); *Allen County Bank & Trust Co. v. Valvmatic International Corp.*, 51 B.R. 578

(N.D.Ind.1985) ("A court considers several factors in deciding whether a case ought to be remanded, among which are: (1) duplication of judicial resources, (2) uneconomical use of judicial resources; (3) effect of remand on the administration of the bankruptcy estate; (4) case involves questions of state law better addressed by a state court; (5) comity considerations; (6) prejudice to the involuntarily removed parties; (7) lessened possibility of an inconsistent result; and (8) expertise of the court where action originated." *Id.* at 582 (other citations omitted)).

Accordingly, pursuant to 28 U.S.C. § 1452(b) and Bankruptcy Rule 9027(e), we recommend to the United States District Court for the District of Rhode Island that the removed cause of action, C.A. No. 87–5245, entitled *"Robert Burdett and Norma Burdett v. Ben Weiss and Baron Realty, Inc.,* be remanded to the Providence County Superior Court for the State of Rhode Island.

The defendants also argue that the plaintiffs' application for removal constitutes a violation of B.R. 9011. For the reasons presented by the defendants in their memorandum at pages 4, 5, and 6, with which we agree and adopt herein by reference, counsel for the defendants is requested to file, within 10 days, a detailed application for fees and expenses incurred in opposing this removal action.[2]

Dated at Providence, Rhode Island, this 10th day of August, 1990.

---

**2.** The plaintiffs' 10 day time period for filing objections to this report and recommendation pursuant to B.R. 9033(b) is stayed, pending this Court's recommendations on the Rule 9011 sanctions issue.