**CAREERTRACK SEMINARS, INC.,
et al., Plaintiffs/Appellees,**

v.

**Kenneth P. LOMASNEY, Market
Knowledge, Inc., et al.,
Defendants/Appellants.**

Civ. A. No. 92–B–1383.

United States District Court,
D. Colorado.

Nov. 13, 1992.

Robert E. Purcell, Jerry T. Kearns, Englewood, CO, for plaintiff.

Craig D. Joyce, Walters & Theis, Denver, CO, for Alan Schmitt.

Michael Hepner, West and Weaver, Denver, CO, Ralph A. Mantynband, Shefsky & Froelich Ltd., Chicago, IL, Mitchell Baker, Denver, CO, for Kenneth Lomasney and Market Knowledge, Inc.

## ORDER

BABCOCK, District Judge.

Appellants appeal the July 2, 1992 order of the bankruptcy court remanding this action to Boulder County, Colorado district court. The issue is adequately briefed and oral argument will not materially aid its resolution. Because appellants failed to comply with the requirements of Bankruptcy Rule 9027(a), the bankruptcy court's order is affirmed.

On Friday, May 8, 1992, defendants Lomasney and Market Knowledge, Inc. removed this action to bankruptcy court for the District of Colorado. Trial of the state action, which had been pending for more than three years, was set to commence on Monday, May 11, 1992. These defendants asserted that removal was proper because two co-defendants had filed for bankruptcy. In their notice of removal, defendants did not attach copies of all the pleadings, motions, orders, and other papers generated by the state court action.

B.R. 9027(a) requires that a notice of removal "be accompanied by a copy of all process and pleadings." *See also,* D.C.Colo. LR 81.2 ("The removing party shall promptly file with this court copies of all state court pleadings, motions, and other papers") (effective June 1, 1992). It is undisputed that defendants did not comply with this rule by submitting copies of all state court pleadings and process. Such failure is a fatal defect and requires remand.

> The application in this case is insufficient. The applicant ... has failed to attach a copy of all the pleadings filed in state court. Only the complaint is attached. The summons, answer, orders and any other pleadings filed in state court during the last year are not attached. Therefore, the court finds that the removal application does not comply with Bankruptcy Rule 9027.

*In re Tandem Enterprises, Ltd.,* 124 B.R. 283, 285 (Bkrtcy.N.D.Ill.1991). *See also, Burdett v. Weiss,* 119 B.R. 385, 387 (D.R.I. 1990); *In re Merkle,* 22 B.R. 713, 716 (Bkrtcy.N.D.Ohio 1982). Therefore, the July 2, 1992 order of the bankruptcy court was proper.

Nonetheless, defendants argue that "pleadings" only refers to complaints and answers, which they did file with their notice of removal. *See,* Fed.R.Civ.P. 7(a). However, the plain meaning of "pleadings" in this context refers to all papers, including orders, generated by the state court action. Any other construction would frustrate the clear intent of the rule to provide the federal court a complete file of all prior proceedings so as to intelligently rule on motions to remand or transfer venue.

Defendants also argue that compliance with Rule 9027(a) is not mandatory because of the language in Rule 9027(e)(2), which provides: "[T]he bankruptcy judge *may* require the party filing the notice of removal to file with the clerk copies of all records and proceedings relating to the claim...." (Emphasis added). Defendants contend that Rule 9027(e)(2) has no logical purpose if Rule 9027(a) already requires the moving party to file all process and pleadings. However, the two rules cover different ground. Rule 9027(a) re-

quires the filing of all process and pleadings—the type of documents found in a complete state court file. Rule 9027(e)(2) allows a bankruptcy judge to require the filing of all "records and proceedings relating to the claim." This discretionary authority is much broader than Rule 9027(a), covering things like hearing and deposition transcripts, evidentiary exhibits, and pleadings from different, but related, cases.

Lastly, both parties raise numerous arguments that were not incorporated into the bankruptcy court's order. Although some of these arguments were raised below, the bankruptcy court's sole ground for remanding this action was non-compliance with Rule 9027(a). As I have determined that the bankruptcy court's decision on that ground was proper, the remaining arguments are moot.

Accordingly, it is ORDERED that:

(1) The July 2, 1992 order of the bankruptcy court is AFFIRMED; and,

(2) Oral argument set for November 20, 1992 is VACATED.